Parsons, C. J.
[After a brief recital of the pleadings, and of the judge’s report.]
It is a general rule, that imprisonment by order of law is not duress : but to constitute duress by imprisonment, either the imprisonment, or the duress after, must be tortious and unlawful. (2) If, therefore, a man, supposing that he has cause of action against another, by lawful process cause him to be arrested and imprisoned, and the defendant voluntarily execute a deed for his deliverance, he cannot avoid such deed by duress of imprisonment, although, in fact, the plaintiff had no cause of action. (3) And although the imprisonment be lawful, yet, unless the deed be made freely and voluntarily, it may be avoided by duress. (4) And if the imprisonment be originally lawful, yet if the party obtaining the deed detain the prisoner in prison unlawfully, by covin with the jailer, this is a duress which will.avoid the deed. (5) But when the imprisonment is unlawful, although by color of legal process, yet a deed obtained from a prisoner for his deliverance, by him who is a party to the unlawful imprisonment, may be avoided by duress of imprisonment. In Allen, 92, debt was sued on a bond, and duress of imprisonment pleaded in bar. The plaintiff had, on charging the defendant with felony in stealing a horse, procured a warrant from a justice, on which the defendant was arrested and imprisoned, and sealed the bond to the plaintiff to obtain his discharge, which was done, the horse appearing to be his own *422 norse. Roll, J., directed the jury that, the proceedings being had to cover the deceit, the bond was obtained by duress.
And, in our opinion, it is a sound and correct principle of law, when a man shall falsely, maliciously, and without probable cause, sue out a process, in form regular and legal, to arrest and imprison another, and shall obtain a deed from a party thus ar[*512] rested to procure his deliverance, such * deed may be avoided by duress of imprisonment. For such imprisonment is tortious and unlawful as to the party procuring it; and he is answerable in damages for the tort, in an action for a false and malicious prosecution ; the suing of legal process being an abuse of the law, and a proceeding to cover the fraud. And although Bridgman, in Lev. 68, 9, is made to say, that imprisonment in custody of law by the king’s writ will not be duress to avoid a deed, when the arrest is without cause of action, because the party has his remedy by action of the case, yet this must be a mistake, as there is no remedy by action for suing a groundless suit, unless the suit be without probable cause, and malicious. And if it be, certainly the imprisonment is wrongful, as to the party who maliciously procured it.
Now, on examining the facts reported by the judge in the case at bar, it is apparent that the suit, on which the plaintiff was imprisoned, was without probable cause, there being, indeed, no color for it. And the evidence was sufficient for the jury, to infer that the suit was also malicious. The plaintiff was wickedly, and by false pretences, decoyed from his home, in the state of New York, into this county. Here he was immediately arrested at the defendant’s suit, who had no cause of action against him, the present action being then pending. And the object of the release was to bar this action.
Upon the whole, the oppression was gross and flagrant; and it would be a reproach to the law, if it would allow to this release, thus unjustly and fraudulently obtained, any legal effect against the plaintiff, so injuriously and dishonorably treated. The direction of the judge appears to be correct; and in our opinion the plaintiff ought to have judgment. (6)

Let judgment be entered on the verdict.

 2 Inst. 482.

 Vide Hob. & Lev., ubi supra.

 43 E. 3, 10, b, pl. 32

 Cro. Jac. 187, Huscombe vs. Standing

 [Meek vs. Atkinson, 1 Bailey, 84.— Ed.]