# CASES

IN THE

# SUPREME JUDICIAL COURT

IN THE

## COUNTY OF OXFORD, MAY TERM, 1830.

### PLUMMER vs. DENNETT.

Where one was arrested upon a writ sued out for a pretended and groundless cause of action, with a view to compel the party to do certain things; but not succeeding, the plaintiff suppressed the writ;—it was *held* that the remedy of the party injured was not by an action of trespass *vi et armis*; but by an action of the case for malicious prosecution.

The party justifying under legal process, not being an officer, is not bound to show it returned.

THIS was an action of trespass *vi et armis* for false imprisonment; which was tried before *Perham J.* in the court of Common Pleas, upon the general issue, with leave to give any special matter in evidence.

It appeared, from the bill of exceptions filed by the defendant in the court below, that he, at the time alleged, procured a writ of attachment against the plaintiff, who was a *feme sole*, therein charging her with slander; by virtue of which he caused her to be arrested, and held in custody, demanding bail; that he went personally with the officer, and closed the doors and windows of her house, confining her therein; that not being able to procure bail, she offered to go to prison; whereupon the defendant took the writ from the officer, no return having been made thereon, and directed him to suffer her to

go at large, which he did ; and that the object of the defendant in resorting to this measure, was to extort from the plaintiff a confession that she had spread false reports concerning him ; which she refused to make.

It was contended by the plaintiff's counsel, that as no return was made of the writ, the defendant should not be permitted to show that the arrest and imprisonment were made under the authority of legal process. And on the other side it was insisted that proof of the arrest having been made under the authority of a writ, though it had not been returned, was sufficient to repel the charge of false imprisonment.

But *Perham J.* admitted the evidence ; instructing the jury that if they were satisfied that the writ was obtained in good faith, upon a just cause of action, and that the arrest was made in order to obtain payment or security for the demand ; and that the plaintiff was afterwards discharged on a settlement of the claim, by an agreement of the parties, or through the humanity of the defendant ; such restraint afforded no evidence of false imprisonment, though no return was made of the writ. But that if the evidence satisfied them that the writ was obtained without any just cause of action ; that the arrest under it was made to frighten and overawe the plaintiff, and thereby compel her to acknowledge certain statements she had made to have been false, when in fact they were true ; and that, not having been able to accomplish this object, the defendant had suppressed the writ, permitting no return to be made of it ; the whole having been a contrivance to give the transaction the semblance of a legal arrest ; the restraint, under such circumstances, might be false imprisonment, though the defendant might have pretended to act under color of legal process. The jury found for the plaintiff under these instructions, to which the defendant filed exceptions, pursuant to the statute.

The exceptions were argued at *May* term, 1827, by *Howe* for the plaintiff, and *Fessenden* for the defendant.

*Howe* contended that where the party suppreses his own writ, and so prevents a return, he ought not to be permitted to justify under it. If the sheriff could not justify without shewing his precept returned, which in the present case could not be done, because

it was suppressed, with his consent; then he is liable in trespass. And therefore the defendant is liable in like manner, all being principals in this offence. Here the *gravamen* is, not that the plaintiff has been harassed in the law, without probable cause; but that the defendant fraudulently and colorably, under pretence of legal process, and under cloak of law, abused its instruments, to inflict upon her a much greater evil.

*Fessenden*, for the defendant, to the nature of the remedy, cited 6 *Mass.* 506; *Shaw v. Reed*, 16 *Mass.* 450; *Hayden v. Shed*, 11 *Mass.* 500; *Waterer v. Freeman, Hob.* 206; *ib.* 266; *Bull. N. P.* 11; *Belt v. Broadbent*, 3 *D. & E.* 183; *Turleton v. Fisher*, 2 *Doug.* 677; 1 *Chitty's Pl.* 136; 1 *D. & E.* 535; 3 *Esp.* 135. And to show that a return of the writ need not be proved, he referred to *Middleton v. Pierce*, 2 *Str.* 1184; 1 *Salk.* 409.

MELLEN C. J. delivered the opinion of the Court at the adjournment of *May* term in *Cumberland*, in *August* of the present year.

The single question arising on the exception alleged against the opinion and instruction of the judge to the jury is, whether the present action of trespass can be maintained for the injury done to the plaintiff; or whether her only remedy is an action for a malicious prosecution. No question of pleading is presented. The jury, under the directions they received, have found that the writ was obtained without any just cause of action; that the arrest under it was made to frighten and over-awe the plaintiff, to compel her to make certain confessions of facts as true, when they were false; and being unable to accomplish his object, the defendant had suppressed the writ, permitting no return of it to be made; and that the whole was a contrivance to give the transaction the semblance of a legal arrest. Such a course of proceeding was grossly improper and highly reprehensible; but was it, in legal contemplation, a trespass, or such an act and injury as that redress can be obtained in an action of trespass?

It is laid down in 1 *Chitty's Pl.* 136, that " whenever an injury to a person is effected by regular process of a court of competent jurisdiction, though maliciously adopted, case is the proper remedy

and trespass is not sustainable ; as for a malicious arrest." And also page 187, " but no person who acts upon a regular writ or warrant, can be liable to this action (trespass) however malicious his conduct ; but case, for the malicious motion and proceeding, is the only form of action." In *Belt v. Broadbent & ux.* 3 *D. & E.* 183, the same principle is recognized. That was an action of trespass and false imprisonment. The defendants justified under a bill of *Middlesex* sued out by them against the plaintiff, upon which he was arrested. The plaintiff demurred, because no cause of action was set forth in the plea. The demurrer was overruled. *Lord Kenyon C. J.* says " there is no ground for the objection ; if a party be arrested without any cause of action, he has a remedy by an action on the case for maliciously holding him to bail ; but it is incomprehensible to say that a person shall be considered as a trespasser, who acts under the process of the court." See also *Rowland v. Veal & al. Cowp.* 18. The same principle is stated in *Watkins v. Bayard* 6 *Mass.* 506 ; where *Parsons C. J.* says, " in our opinion, it is a sound principle of law, when a man shall falsely and maliciously and without probable cause, sue out a process in form regular and legal, to arrest and imprison another—such imprisonment is tortious and unlawful as to the party procuring it ; and he is answerable in damages for the tort, in an action for a false and malicious prosecution ; the suing of legal process being an abuse of the law, and a proceeding to cover the fraud." In *Hayden v. Shed,* 11 *Mass.* 500, the above principle is laid down with equal clearness by *Jackson J.* And he observes that trespass lies only in those cases where the process is void or vacated, set aside or superseded, as illegally, unduly or irregularly sued out ; neither of which was the fact in the present case ; the writ was issued in the usual form ; and with usual regularity. The case of *Shaw v. Reed,* 16 *Mass.* 450, confirms the same principle, and establishes another point, viz. that trespass did not lie in the case, for the writ being good at the time, the arrest was was not tortious. In the present case the writ was good at the time, as to form and regularity ; for the conclusion to abandon the prosecution of the suit and suppress the writ, was not formed until after the defendant had found his experiment was wholly unsuccessful. As

to the objection to the defence, on the ground of the non-return of the writ, we think it is not sustained.   If this action had been commenced against the officer, it being a case of *mesne* process, the objection might, and probably would, have been considered a fatal one ; but we do not know of any cases deciding that the party is bound to show a return of the process which he has sued out and placed in the hands of an officer for service.   The case of *Middleton v. Price, 2 Strange*, 1184 ; and 1 *Wils.* 17, is decided on this distinction ; so a sheriff's bailiff need not show the return of a writ ; because it is not in his power.   None but *officers* are bound to shew this ; it is a part of their official duty ; but no such duty is devolved on the party.   The suppression of the writ in the present case, therefore, does not alter the principle ; it was a part of the plan adopted to impose on the plaintiff and extort confessions from her, and is strong evidence, with the other facts, to prove the groundlessness of the defendant's action, and the malicious motives with which he pursued it, as far as it was pursued ; but does not constitute him a trespasser in causing the arrest and imprisonment by means of that process.   On legal principles, we are of opinion that the instructions were not correct ; we accordingly sustain the exception.   The verdict below is set aside, and there must be a new trial in this court.