JOHN H. SHAW *vs.* FREDERICK R. BUNKER & Trustee.

By the Rev. Sts. *c.* 81, a case in which exceptions are alleged to the opinion, &c. of a judge of this court, at the July term, in Nantucket, may be first enteied in the county of Suffolk, at the succeeding March term.

The answer of one who is summoned by the trustee process does not form an issue in law, within the meaning of the Rev. Sts. *c.* 81, § 13, and a single judge may charge or discharge him, subject to exceptions to be considered by the full court.

One who is summoned by the trustee process will be charged on his answer, though he therein assert his belief that he has no goods, effects or credits of the principal defendant, unless he makes a full disclosure, and answers all pertinent interrogatories, so far as he is able.

Where there are accounts of large amount and long standing, between the defendant and the person summoned as his trustee, which have never been adjusted, and the latter has kept an account of his dealings with the former, but declines to state the items of their mutual accounts, on the ground that it is not in his power so to do ; he is chargeable as trustee, though he declares his belief that the balance of the account is greatly in his favor. In order to discharge himself, he must state so much of the account as he has himself kept, and state the other items according to the best of his recollection and belief.

AT the June term, 1838, of the court of common pleas held at Nantucket, the trustee made his first answer, in which he stated that there was an unsettled account between him and the principal defendant, and that he could not state the account at that term. He also stated his belief that, on a settlement of the account, it would appear that he had not in his hands any goods, effects or credits of the principal defendant, but that said defendant was indebted to said trustee in a large sum. He further stated that said account embraced " numerous items, to a very large amount, extending over several years ; items for moneys, for goods sold, for liabilities incurred, and for services on both sides ; " and that the principal defendant had been " apprized of the necessity that the account should be stated, but had furrished no statement, though several times requested." The trustee therefore prayed that if a specific statement of his said account should be required, a continuance might be granted for that purpose.

The case was thereupon continued from term to term of said court of common pleas ; and at the June term, 1839, the trustee, " in answer to the plaintiff's interrogatory, that a specific

statement of accounts between the defendant and said supposed trustee should be furnished," averred his belief that he was not indebted nor chargeable as trustee, and declared his inability to make such specific statement, at that term "because of the following facts :  That during the six years preceding the commencement of this suit, the defendant and the supposed trustee were engaged in mutual transactions to an amount exceeding $ 100,000, growing out of the shipment, by the supposed trustee, on his own personal account and on that of the defendant, of large quantities of merchandise, principally oils and candles ; and out of the liability of the defendant to the supposed trustee for the proceeds of such merchandise when sold, and for the purchase money paid by the supposed trustee, when such articles were bought by him for the account of the defendant ; also transactions growing out of indorsements by the supposed trustee, and numerous other liabilities assumed by him, for the benefit and accommodation of the defendant ; also growing out of commissions and other charges for services on both sides, and payments made by each party for accounts of the other, in their respective dealings with third persons :  That these accounts, from lapse of time, (no account having been stated since February, 1833, when a balance was due the supposed trustee of more than $ 3000) as well as from their nature, have become involved and not of easy statement by either party :  That after this suit was brought, viz. in 1837, as the supposed trustee believes, he forwarded to the defendant his account, at the request of the defendant, to assist him in adjusting their pecuniary relations between them ; that the defendant has never furnished to the supposed trustee his statement of their mutual dealings ; that after the June term, 1838, the supposed trustee apprized the defendant of the importance and necessity of a specific adjustment being made, but has not received the same ; and protesting his belief that the defendant is indebted to him in a large sum of money, the supposed trustee prays that he may not be charged, and for his costs."

At the October term, 1839, in answer to this interrogatory — "Will you state the several items of the account between you

and the said Frederick specifically ? " — the trustee replied, "I am not able to, at this term, for the reasons specified in the last answer."

The trustee was charged on these answers by the court of common pleas, and brought the case into this court by appeal. At the last July term, in Nantucket, the chief justice decided that the appellant should be charged, on his answers, as trustee of the principal defendant. To this decision the appellant alleged exceptions, and entered the action in the county of Suffolk, at the present term.

*Clifford*, for the plaintiff.

*C. P. Curtis*, for the trustee.

WILDE, J. This case comes before us on the trustee's exception to the decision of the chief justice charging him as trustee

A preliminary question has been raised, as to the regularity of the proceedings in bringing forward the action at the present term. The decision was made at the last July term in the county of Nantucket ; and it is contended that, regularly, the action should have been transferred and entered in this county at the last November term. But we think this is not required by the Rev. Sts. *c.* 81, §§ 52, 53. The provision is, that the court, when held for two or more counties, shall have cognizance of all suits and other matters, which require the consideration of a full court ; and that all appeals and other matters, cognizable by such full court, may be entered thereat, if not previously entered in the county in which they are pending.

By *St.* 1825, *c.* 114, § 4, a different provision was made, by which it was required that the action, in cases of exceptions, should be entered at the next term of the court to be held in the county of Suffolk. This provision is omitted in the revised statutes, and the 53d section of *c.* 81 was substituted, embracing all matters cognizable by the full court. The decision, therefore, in *Coffin* v. *Hussey*, 12 Pick. 289, is not applicable to the present case.

We are then to consider the exceptions of the trustee. It is objected, that the question, which was decided, depended on an

issue in law, which it was not competent for a single judge to determine. Rev. Sts. *c.* 81, § 13. And the case of *Hovey* v. *Crane*, 10 Pick. 440, is relied on in support of this objection. That case depended on the construction of *St.* 1820, *c.* 79, § 4, allowing appeals from the judgments of the court of common pleas, rendered upon any issue in law or case stated by the parties. And a liberal construction was given to the statute, in favor of the right of appeal, as the most simple mode of transferring an action from the court of common pleas to this court. It was admitted by the chief justice, in delivering the opinion of the court, that the point contested, between the plaintiff and the trustee, was not upon an issue in its strict technical sense ; but that it might be considered within the meaning of the statute, taking into consideration other statutes *in pari materia*, and consider ing also that such had been the previous practical construction of the statute.

These considerations do not apply to the present question. And we know of no reason why the clause of the statute under consideration should not be construed according to its strict technical meaning. Such a construction cannot be productive of any practical difficulty or inconvenience ; but the other construction contended for might frequently cause unnecessary delay and expense. For when the question of law to be decided is free from any reasonable doubt, or the parties are willing to abide by the decision of a single judge, the delay of judgment, until a decision could be had by the full court, becomes unnecessary and prejudicial. Such cases have occurred, and have been decided by a single judge, without objection ; and we are not aware that the doubt now suggested has ever been before raised But, however that may be, we are clearly of opinion, that a single judge is competent to decide all questions of law arising on the answers of trustees, subject to the right of exceptions as in other cases.

The court held by a single judge has general jurisdiction of all matters not expressly reserved to be exclusively exercised by the full court.

A single judge is competent to hear and determine motions in

arrest of judgment ; and the party, if aggrieved, may except to the decision, or may be relieved by writ of error. *Root v. Henry*, 6 Mass. 506.

Now it is clear that the full court have not exclusive cognizance of this case, unless the question to be decided is raised by an issue in law ; and we are of opinion that it is not, within the true meaning of the statute. When technical terms are used in a statute, they are to be taken in a technical sense, unless it should appear, from the whole statute, that they were not intended to be so used. 2 Dwarris on Statutes, 702.

The only remaining .question is, whether the trustee be by law chargeable upon the facts disclosed by his answers. The trustee declares that he believes he is not indebted to the . principal defendant, and is not chargeable as trustee. And it has been argued, that the statements made by the trustee, in his answers, are to be regarded as true ; and as well those made on his belief of facts derived from other sources of information, as from his personal knowledge. And several cases have been cited in support of this rule of law, which undoubtedly is well established ; with this qualification, however, that the trustee must make a full disclosure, and answer all pertinent interrogatories, so that the court may determine whether the declaration of his belief be true. This the trustee has failed to do. He was requested to state the account between him and the principal defendant ; and the case was continued from term to term, for several years, to enable him to make the statement. And he finally declined to answer the interrogatory ; alleging his inability to make a full and correct statement of the account. But the trustee admits that he has kept an account of his dealings with the principal defendant, and this account he was bound to state specifically ; and if it were not a full account, he should have stated all other items according to the best of his recollection and belief. This he may yet do on *scire facias ;* but, if he should still decline to make any further disclosure, we think it very clear that he must be charged.

*Exceptions overruled.*