Holmes *v.* Hill.

———•◦•◦•◦•———

HOLMES, Plaintiff in Error, *vs.* HILL, Defendant in Error.

1. A contract will not be avoided by duress of imprisonment under legal process, unless there has been an improper use made of the process, either in *wilfully* employing it to imprison the defendant upon a demand that was groundless, or *knowingly* exaggerated, or unless there has been a subsequent abuse of the process, and an advantage gained thereby.

*Error to St. Louis Court of Common Pleas.*

*N. Holmes,* for plaintiff in error. 1. The first, second, third, fifth and sixth instructions asked by the plaintiff should have been given. 2 Greenl. Ev. §302. 5 Dane's Abr. 373, (ch. 158, §7 to 13, §22.) 2 Bac. Abr. 171, tit. Duress, A, and note. Com. Dig. tit. Pleader, 2 W, 19. Chitty on Con. 206-7 and notes. 1 Saund. Plead. and Ev. 44. *Watkins* v. *Baird,* 6 Mass. 711. *Waterman* v. *Barrett,* 4 Harr. 311. Where the suit is upon regular legal process, founded upon real demands, though for a larger amount than the plaintiff may finally succeed in recovering, and though the defendant may have off-sets, so as to reduce the amount claimed lower than the plaintiff had admitted, and the parties compromise and settle while the defendant is under arrest, and notes are given, such notes cannot be avoided on the ground of duress of imprisonment, notwithstanding the defendant would not have given them if he had not been under arrest. *Stouffer* v. *Latshaw,* 2 Watts, 165–170. 2. The fourth instruction asked for by the plaintiff should have been given. Story's Prom. Notes, §186. *Russell* v. *Cook,* 3 Hill, 504. *Shepard* v. *Watrous,* 3 Caines, 166. *Crowell* v. *Gleason,* 1 Fairf. 325–333. *Meek* v. *Atkinson,* 1 Barr, 84. These suits cannot be said to have been for " improper purposes," as in *Richardson* v. *Duncan,* 3 N. H. 511, where a criminal prosecution was used to extort money. 3. The instructions given for the defendant were erroneous.

*Geyer & Dayton,* for defendant in error. The note sued upon was given solely for the purpose of obtaining a discharge from an unlawful imprisonment, and not on account of any indebtedness in fact, or acknowledged by defendant; and although the process under which he was imprisoned may have been issued according to the forms of law, such imprisonment was none the less a duress, if the jury found there was no just cause of action, or that the cause of action, if any, was falsely magnified in amount, in order to prevent the defendant

from procuring bail. An arrest for improper purposes, without just cause, or an arrest for just cause and under lawful authority, for an improper purpose, is duress, and even when money is paid in order to obtain a discharge, it may be recovered back. *Richardson* v. *Duncan*, 3 N. H. Rep. 308. *Severance* v. *Kimball*, 8 ib. 386. *Alexander* v. *Pierce*, 10 ib. 497. *Noshay* v. *Ferguson*, 5 Hill, 159. 13 Maine, 146. Buller's N. P. 172. If the process is sued out for an improper purpose, as by exaggerating the amount, so as to require bail that cannot be given, and thereby coerce the party to terms, it is duress.

GAMBLE, Judge, delivered the opinion of the court.

Holmes brought his action of assumpsit against Hill on a promissory note made by Hill, payable to Edward Bloomer and by him endorsed to Holmes. Hill pleaded that the note had been obtained from him by Bloomer, the payee, by duress of imprisonment, and that Holmes, the endorsee, had notice of the fact. Although other special pleas were filed, upon which issues were formed, the defence relied upon was the duress.

In the evidence, it appeared that Hill, for several years prior to the making of the note, had contracts in relation to lumber with Robert and Edward Bloomer, and with a firm of J. Chamberlain & Co., of which the Bloomers were members ; that these contracts were for large amounts, and that the parties had difficulties in relation to the contracts which resulted in law suits against each other : that in a suit in Wisconsin territory, the Bloomers had at one time recovered a verdict for $4841 20 against Hill, and on a new trial, had obtained a verdict and judgment for $6231 14, which had been reversed on appeal. Hill, who resides in St. Louis, being at Galena, in Illinois, in October, 1844, where the Bloomers resided, was sued there in two actions—one in the name of Edward Bloomer and the assignee in bankruptcy of Robert Bloomer, and the other in the name of the partners of the firm of J. Chamberlain & Co. In the first,

the amount of indebtedness sworn to was $4422, and in the second, $14,000, and bail was required in double these amounts. Hill being a stranger and unable to procure bail, was committed to jail. While in prison, he consulted counsel and was very desirous to procure bail that he might return home. He claimed that the parties who had sued him would be found indebted to him, upon a fair settlement of all their transactions, in the sum of $22,000. His counsel, believing that, if he was not indebted to the plaintiffs in the actions, any engagements he might enter into, in order to discharge himself from imprisonment, would not be obligatory upon him, gave him that advice, and, with his consent, entered into negotiations with Edward Bloomer to settle the matters in dispute and obtain his discharge.

After different propositions were made, it was agreed that Hill should execute his several promissory notes, amounting to $4470, payable at different times, to Edward Bloomer, and that the parties should execute mutual releases of all demands. The papers were so executed, and Hill was discharged from prison. The present plaintiff, Holmes, was the attorney acting for the plaintiffs in those actions, and himself received from Hill, in prison, the notes, when executed.

On the trial of this cause, evidence was given for the purpose of showing that Hill, at the time he gave the notes, was not indebted to the parties who had imprisoned him; and on the other side, evidence was given for the purpose of showing that he was largely indebted to them.

The plaintiff asked the court to give the following instructions :

1. Under the pleas of duress in the case, unless the jury believe from the evidence that the legal process under which the defendant was imprisoned, when he made this note, was sued out by the payee and others, the plaintiffs in those suits, without any foundation for the suits, falsely, maliciously, and without probable cause for an action against the defendant, they will find these issues of duress for the plaintiff.

Holmes *v.* Hill.

2. If the jury believe from the evidence, that the payee of this note and others, the plaintiffs in the suits in which the defendant was held to bail, at the time when they commenced those suits, had unsettled demands of a lawful character against the defendant therein, to a considerable amount, such demands would constitute a good foundation for those suits, and afford probable cause of action against defendant, notwithstanding the said defendant had also cross-demands by way of set-off against those plaintiffs to a large amount, which he might have established against them upon the trial of the cases.

3. If the jury believe from the evidence, that the payee and others, the plaintiffs in the suits under which the defendant was held to bail, had probable cause of action for those suits, and that they were brought for the recovery of existing lawful demands against the defendant, and that the imprisonment of the defendant, when he gave this note, was under legal process in those suits, and that no other force or constraint was imposed upon him than such imprisonment as aforesaid, they will find these issues of duress for the plaintiff, notwithstanding they may also believe that the defendant would not have given the note sued on, if he had not been in prison under that process.

4. If the jury believe from the evidence that, at the time this note was given, there were mutual unsettled demands existing between the defendant and Edward Bloomer, the payee, (and others connected with him as partners,) and that a balance was claimed against said defendant, to the amount at least of the notes given, and that this note was given on a compromise in settlement of these demands, the consideration was valid and sufficient, however doubtful that claim of the other parties, and without regard to its validity.

5. The jury are instructed that, if they believe from the evidence, that the imprisonment of the defendant was upon probable cause of action and without malice, but in good faith for the recovery of demands which the plaintiffs in those suits believed to be lawfully due them, such imprisonment is not duress

and no defence to this action, notwithstanding the jury may also believe that the defendant would not have given the notes if he had not been held to bail, and notwithstanding the defendant's sole motive in giving them was to get out of jail.

6. The jury are instructed that, if the plaintiffs in those suits had lawful demands against David B. Hill, for about the sums claimed and sworn to, they had a right to sue him for these demands, and to hold him to bail, no matter whether their feelings and motives in doing so, were friendly or hostile towards the defendant, and that such imprisonment cannot, in law, be considered duress, whether the defendant had off-sets or not.

7. If the jury believe from the evidence, that the defendant retained possession of the mills in Wisconsin, after the contract for lumber had been filled, and that he refused to deliver up the mills and the personal property received with them, according to the terms of the contract, he is accountable to the Bloomers for the value of such personal property, and for the value of the lumber made after that time, as valued at the mills, deducting from the value of the lumber only a reasonable rate for expense of cutting the same, (considering the mills, timber, machinery, teams, tools, &c., furnished as proved in this case;) and the Bloomers are not chargeable with any expense however extravagant, which the defendant may have incurred in running those mills after that time.

8. The jury may properly be governed in fixing the value of such lumber cut after the contract was completed, and in fixing the proper rate of cost of cutting, by the prices and rates agreed upon by the parties in their contracts.

9. If the jury believe from the evidence, that the cost of cutting lumber at these mills was more than the lumber was worth when cut, and that the running of the mills was a losing business, the Bloomers were not chargeable with such loss, after the fulfillment of the contract for 1,550,000 feet of lumber.

The court refused all the instructions asked by the plaintiffs, and gave, on its own motion, the following:

1. If the jury find from the evidence, that the defendant gave his note in order to deliver himself from unlawful imprisonment, he is not bound to pay it to any one who received it with knowledge thereof.

2. If the jury find from the evidence, that Edward Bloomer, the payee in said note, sued out the process against the defendant on which he was imprisoned, and that said Bloomer either had no just claim against said defendant, or having just claim against the defendant, wilfully magnified the amount due, in order to prevent the defendant from procuring the amount of bail necessary to his discharge, such imprisonment was unlawful.

1. The law in relation to duress of imprisonment as a defence to an action on a contract, has undergone some change since Chief Justice Bridgman laid it down that imprisonment in custody of law, by the king's writ, will not be duress to avoid a deed, when the arrest is without cause of action; because the party has his remedy by action on the case.   1 Lev. 68.   This doctrine was denied to be law by Chief Justice Parsons, in *Watkins* v. *Baird*, 6 Mass. Rep. 506, and in *Richardson* v. *Duncan*, 3 N. H. 508.   When we determine that such duress as will avoid a contract or conveyance may exist where the imprisonment is under legal process, we are next to ascertain under what circumstances the process must be issued, or what acts must be done under it, to constitute a duress which will be available as a defence.   Professor Greenleaf, in his treatise on the law of evidence, (2 Greenl. §302,) says : "that if the imprisonment was lawful, that is, if it were by virtue of legal process, the plea of duress is not supported, unless it appears that the arrest was upon process sued out maliciously and without probable cause ; or that, while the party was under lawful arrest, unlawful force, constraint or severity was inflicted upon him, by reason of which the instrument was executed."   The party who, maliciously, and without probable cause, sues out a writ against another, and imprisons him upon it, is liable to an action for the tort ; but it is not believed that,

to constitute a duress that will avoid a contract which the party may make with his prisoner, the process must be sued out under the same circumstances that would entitle the prisoner to maintain an action for false and malicious imprisonment. It is true, that Chief Justice Parsons, in *Watkins* v. *Baird*, says : " In our opinion, it is a sound principle of law, when a man shall falsely, maliciously, and without probable cause, sue out a process, in form regular and legal, to arrest and imprison another, and shall obtain a deed from the party thus arrested, to procure his deliverance, such deed may be avoided by duress of imprisonment." But it is to be observed that the learned judge was not giving an opinion upon the law of duress under legal process generally, but in a case in which the party alleging the duress averred that he had been arrested " upon a false, feigned and groundless suit," and that, to obtain his discharge from imprisonment, he had executed the instrument in question. He states the rule to be, that imprisonment, by order of law, is not duress ; but, to constitute duress, either the imprisonment or the duress after, must be tortious and unlawful, and he cites 2 Inst. 482, to show that, if a man, supposing he has a cause of action against another, causes him to be arrested and imprisoned, and the defendant *voluntarily* executes a deed for his deliverance, he cannot avoid such deed for duress of imprisonment, although, in fact, the plaintiff had no cause of action. The case of *Watkins* v. *Baird* was one in which the party obtaining the instrument had caused the party making it to be enticed from New York to Massachusetts, and had there, without any pretence of right, caused him to be arrested and imprisoned until he agreed to the terms proposed to him. The charge given to the jury by the judge who tried the cause, and which was approved by the court in the opinion given, was that, if the evidence was true, gross oppression and injustice had been practiced by the defendant to obtain the release ; and that, although the plaintiff, at the time it was obtained, was in prison by virtue of process of law duly executed, yet, that the proceeding was, on the part

of the defendant, such a perversion of justice, that his conduct was not entitled to a more favorable consideration than if there had been no legal process."

Chief Justice Gibson, in *Stouffer* v. *Latshaw*, 2 Watts, 167, says : " that, to constitute a duress at law, the arrest must have been originally illegal, or have become so by subsequent abuse of it." In *Meek* v. *Atkinson*, 1 Bail. 87, Judge Johnson, in delivering the opinion of the court, says : " I take it that it is only in those cases where the arrest is without *sufficient cause* or lawful authority, or where an improper use has been made of it, and an advantage gained, that the party can avoid his contract." In *Richardson* v. *Duncan*, 3 N. H. 510, Chief Justice Richardson says : " But it is now well settled that, when there is an arrest for improper purposes, without a just cause, or where there is an arrest for a just cause, but without lawful authority ; or where there is an arrest for a just cause and under lawful authority, for unlawful purposes, it may be construed a duress." This declaration of the law was afterwards approved in *Severance* v. *Kimball*, 8 N. H. 386. In both the cases in New Hampshire, the duress was by imprisonment under criminal charges, and in the first, the charge appeared to be entirely groundless, and for the purpose of extorting money. It seems to be conceded, in the modern cases, that duress *may* exist where the imprisonment is under legal process, and even where there is a cause of action ; and there is no difficulty in imagining cases where the process of law may be employed as an instrument of the grossest oppression, and yet there may be a cause of action. The party sued may really be indebted to the plaintiff, and yet may be charged and held to bail for a sum far beyond his liability, for the very purpose of producing his imprisonment for want of bail. In such case, his arrest is under legal process, and there is a cause of action ; but the imprisonment is improper and illegal, and if the plaintiff, by means of such imprisonment, extorts from the defendant a conveyance or obligation, which he was not bound to make, and which is made under the pressure of such imprison-

ment, it may be avoided by duress of imprisonment. But if a plaintiff, in good faith, commences an action to recover what he really believes to be due to him, and without design to employ the process as the means of exacting from the defendant any thing more than he, in good faith, claims to be due ; and if the defendant, being imprisoned under the process in such action, voluntarily executes a conveyance or other instrument for his deliverance, he cannot avoid such instrument by duress of imprisonment, although he might have defended himself against the plaintiff's action. *Watkins* v. *Baird, ubi sup.* So, if there are mutual claims between parties, and one commences his action against the other, claiming no more than in good faith he believes to be due, and the defendant being imprisoned under the process, voluntarily agrees to adjust all claims between them, and such adjustment is made, and obligations given by the defendant while in prison, he cannot avoid them by duress of imprisonment, even by showing that, upon a different and a fair settlement, he would not have been indebted to the plaintiff. The defence of duress does not require that the plaintiff should establish an indebtedness of the defendant equal to the amount of the obligation which the defendant has made. The defendant is to show that the obligation is void because it was obtained from him while imprisoned, and if the imprisonment was by legal process, that the plaintiff in the action designedly used the process to accomplish an improper object. The idea is properly expressed in the latter clause of the second instruction given by the court in the present case, in this language : " If Edward Bloomer, having just claims against the defendant, wilfully magnified the amount, in order to prevent the defendant from procuring the amount of bail necessary to his discharge, such imprisonment was unlawful." Here the imprisonment is declared to be unlawful, if Bloomer knowingly claimed more than he was entitled to recover, for the purpose of putting it out of the power of Hill to procure bail. But the first clause of the same instruction dispenses with all consideration of Bloomer's knowledge or belief in re-

lation to the justice of his claim, and of the motives by which he may have been influenced. It declares the imprisonment unlawful, so as to bring the case under the rule declared in the first instruction, and avoid the note of Hill, if Bloomer sued out the process against Hill on which he was imprisoned, and Bloomer had no just claim against Hill. This instruction would justify the jury in finding the note void, although Bloomer may have honestly believed himself and his partners entitled to recover every cent for which the actions were brought, and although he had no intention to oppress the defendant, or to gain any advantage by imprisoning him. It enables a defendant, imprisoned under process, to give a note, deed, or other security for the money claimed of him in the action, and then defend himself against his obligation by showing that he had a defence to the action in which he was imprisoned, and that too, without the imputation of any improper motives, or the proof of any improper conduct on the part of the plaintiff in the original action. This position is too broad and did not present the law fairly to the jury. In all the cases in which the parties have been exonerated from their contracts, by reason of duress of imprisonment under process, there has been an improper use made of the process, either in wilfully employing it to imprison the defendant upon a demand that was groundless, or upon a demand knowingly exaggerated, or there has been a subsequent abuse of the process and an advantage gained thereby. In no case, have the motives and purposes of the party suing out the process been thrown out of consideration. In no case, has the action upon an obligation, which was given in prison, been made to turn upon the naked question, whether the party giving such obligation had a defence to the original action.

If, then, the actions of Bloomer and his partners were brought to recover sums of money which they believed, and in good faith claimed to be due from Hill, to the amount claimed, the arrest and imprisonment of Hill was not unlawful, and if Hill made the note sued on, he cannot avoid it by duress of

imprisonment, on the ground that the original arrest and imprisonment were unlawful. If the actions were brought against Hill, in good faith, to recover amounts believed to be actually due from Hill, and after the arrest there was no practice nor contrivance to extort from him, or to induce him to execute an obligation or note for more than the plaintiffs then believed to be due, there was no such abuse of the process as would avoid the note or obligation, although it may be shown that he could have defended himself against the actions in which he was imprisoned.

The principles here declared will show that the plaintiff was entitled to have the law given to the jury much more favorably to him than it was stated in the instructions given by the court. It has not been thought necessary to notice critically the different instructions asked by the plaintiff and refused by the court.

The judgment is, with the concurrence of the other judges, reversed, and the cause remanded.