Clark v. Turnbull.

SARAH C. CLARK v. WALTER A. TURNBULL.

1. Plea will not be stricken out where defendant shows a defence *prima facie.*
2. A contract made by one under arrest through lawful process, as a condition of his deliverance from imprisonment, cannot be avoided on the ground of duress, although it be shown that no cause of action actually existed.
3. An agreement to pay money in compromise of a suit is valid, and that regardless of the validity of the plaintiff's demand.

On motion to strike out plea.

Argued at November Term, 1884, before Justices VAN SYCKEL and KNAPP.

For the motion, *T. D. Hodges.*

*Contra, P. H. Gilhooly.*

The opinion of the court was delivered by

KNAPP, J. The plea filed by defendant is asked to be stricken out as a sham plea, because the defendant is without defence to the action.

The plaintiff sues upon a promissory note made by the defendant, payable to the order of Henry E. Turnbull, and by the latter endorsed to the plaintiff.

The testimony shows that the note in suit was made under the following circumstances: The plaintiff advanced money to Henry E. Turnbull, in the city of New York, to the

amount of about $4000. She declares that he received the money, as her agent, to invest for her in good interest-bearing securities, and that he fraudulently appropriated the money to his own use. The defendant claims that the money so advanced to Henry E. Turnbull was placed with him as a stock broker, under instructions to invest in stock speculations on margins, and that it was used in such gaming transactions and lost.

To assert her claim for this money as a debt, the plaintiff brought suit against Henry E. Turnbull in one of the courts of New York, under which legal proceeding the defendant therein was arrested and taken into custody. And while so in custody, in an arrangement to settle that suit, Walter A. Turnbull, his brother, the defendant in this suit, was called in to participate, and did so by advancing for Henry $1200 in cash, and giving to him the promissory note now in suit, which Henry endorsed to plaintiff for the balance. Henry was thereupon released from his imprisonment, and the suit against him was subsequently discontinued.

Out of the situation thus portrayed, the defendant claims that two grounds of defence arise to him which he is entitled to have passed upon. One is that the note in suit was obtained by duress of imprisonment, from the principal who held the note as accommodation paper; the other that no debt was due from Henry to the plaintiff at the time suit was brought, or when possession of the note was obtained by his endorsement to her in settlement—that the discharge from imprisonment lost her no right and the note is therefore without consideration.

To entitle the plea to stand against a motion like this, it is sufficient that the defendant present some ground which, if maintained, will answer the action. If the defence rests upon controverted facts it is his right to have the verdict of a jury in settlement of such controversy.

The only matter of fact in dispute between the parties is that already referred to, relating to the nature of the transactions between the plaintiff and Henry before the suit in New

York and out of which it grew. They agree on all other essential matters.

We must inquire then, first, whether under the admitted facts there is evidence for a jury that the plaintiff obtained the security through duress of her debtor. I take it to be the settled law that where one believing he has a cause of action against another, by lawful process cause him to be arrested and imprisoned, and the defendant voluntarily execute a deed or make a contract, or pay the money claimed for his deliverance, he cannot avoid such deed or contract by duress of imprisonment, or reclaim the money as extorted from him, although, in fact, the plaintiff had no good cause of action. 1 *Black. Com.* 136 ; *Watkins* v. *Baird,* 6 *Mass.* 506, and cases cited.

Chief Justice Parsons, in Watkins *v.* Baird, in discussing the subject, says : " It is a general rule that imprisonment by order of law is not duress, but to constitute it, either the imprisonment or the duress after must be tortious and unlawful."

It is not pretended that the imprisonment in New York was unlawful, or that afterward the arrangement for giving the note was coerced or even asked for by the plaintiff. Under the defendant's own showing, therefore, he has not this defence.

As to the second alleged ground of defence, in my judgment it is not open to the defendant here.

The law favors the compromise and settlement of controversies and litigations, and where a promise is made on the compromise of a doubtful claim, the compromise is a good consideration for the undertaking and the promise is binding. *Conover* v. *Stilwell,* 5 *Vroom* 54. Attention is called to the diversity in judicial opinion in the law courts as to the degree of strength requisite in a claim to make a compromise of it a good consideration where the claim is not actually in suit.

But where legal proceedings have been instituted, an agreement in its compromise is good and valid regardless of the validity of the plaintiff's demand, and whether the suit could have been prosecuted to a successful issue or not. These can-

not be set up in bar of the action upon the promise. *Long-ridge* v. *Dorville*, 5 *B. & Ald.* 117; *Edwards* v. *Bough*, 11 *M. & W.* 641; *Cooper* v. *Parker*, 14 *C. B.* 118; *S. C.*, 15 *C. B.* 822; *Morey* v. *Newfane*, 8 *Barb.* 645.

This rule, both in England and America, seems to be without exception in the absence of fraud or duress.

The defendant in the New York suit would not be permitted to set up against his own promise in settlement, invalidity of the plaintiff's claim or cause of action. And the defendant here, whether his promise be regarded as made in the capacity of surety for his brother, or as an original promisor, is under the same disability under the facts admitted by him. *Smith et al.* v. *Monteith*, 13 *M. & W.* 427.

There is no fraud alleged on the part of the plaintiff in prosecuting her claim originally, or any want of good faith in asserting a claim to be paid the money advanced by her as a debt.

The defendant shows with entire clearness that he has no tangible defence to this action, and the motion to strike out the plea is granted.