Mikel v. St. Louis, Kansas City and Northern R. R. Co.

WHITAKER MIKEL, Appellant, *vs.* THE ST. LOUIS, KANSAS CITY AND NORTHERN RAILWAY Co., Respondent.

1. *Corporations—Suits against, where to be brought—Construction of statute.—* Suits against corporations, can be brought, as provided by the statute (W. S., 294, § 28), either in the county where the cause of action accrued, or in the county where such corporation have or usually keep an office or agent for the transaction of their usual and customary business, at the option of the plaintiff. Section 26 (W. S., 294,) provides for an enlargement and extension of service, by issuing process to a different county from where the suit is brought, when the officers of the company do not reside there.

*Appeal from Adair Circuit Court.*

*Barrow & Millan,* for Appellant.

I. The corporation act is designedly liberal in its terms, and under it the plaintiff has his option as to where he will have his suit against a corporation. (W. S., 294, §§ 26, 28; Dixon vs. Han. & St. Jo. R. R., 31 Mo., 409; Han. & St. Jo. R. R. vs. Mahoney, 42 Mo., 467; Slavens vs. South P. R. R., 51 Mo., 308; Brown vs. Webber, 9 Cush., 560.)

*John M. Woodson,* for Respondent.

I. Construing sections 26 and 28 (W. S., 294) together, we consider the meaning thereof to be, that suit must be brought against a corporation in the county where the cause of action accrued, unless it has no office or agent there, and in that case where it has an office or agent. The obvious intention is to have suits determined, where the cause of action accrues, if possible, in order to avoid unnecessary expense to litigants.

WAGNER, Judge, delivered the opinion of the court.

The only question in the case relates to the jurisdiction of the court where it was tried.

The plaintiff brought his action in the Adair Circuit Court to recover damages for the killing of a mule by the defendant's cars in Macon County.

The court, trying the cause without the intervention of a jury, made a special finding of facts, and gave judgment against the plaintiff solely on the ground that the action should have been brought in Macon County, where the killing occurred,

and that the court in Adair County had no jurisdiction of this cause of action. It was further found, and is admitted, that defendant has in Adair County an office or agent for the transaction of its usual and customary business.

The statute (1 W. S., 294, § 28,) declares that suits against corporations shall be commenced, either in the county where the cause of action accrued, or in the county where such corporations have or usually keep an office or agent for the transaction of their usual and customary business. The section is in the alternative, and it seems to me that its provisions are plain and not easily susceptible of misconstruction. Suits may be brought either in the one county or the other, at the option of the plaintiff.

They may always be brought in the county where the cause of action accrued, or if it is not desirable to bring them there, then in the county where the company has or usually keeps an office or agent for the transaction of its business. The statute is remedial in its nature, and should not receive a restricted or artificial construction. But its language is so plain, that there is really no reason for resorting to technical rules to interpret or ascertain its true meaning.

The 26th section, which has been cited in connection with the section just referred to, has no application to this case. This section provides for an enlargement and extension of service, by issuing process to a different county from where the suit is brought, when the officers of the company do not reside there. This section illustrates the subject only by showing the remedial character of the statute, but it does not aid in the least the views advanced by the defendant.

Wherefore it results that the judgment must be reversed and the cause remanded, with instructions to the court below to render judgment, on the finding of facts. All the judges concur.