F. W. HOLTSCHNEIDER, Defendant in error, v. CHICAGO, ROCK ISLAND AND PACIFIC RAILWAY CO., Plaintiff in Error.

Kansas City Court of Appeals, May 30, 1904.

1. APPELLATE PRACTICE: Sheriff's Return: Amendment. The appellate court has jurisdiction to permit the amendment of the sheriff's return.

2. TRIAL PRACTICE: Service: Corporation: Insufficient Return. Service on a corporation is held insufficient since it fails to show directly or by inevitable inference that a copy of the writ and petition was left at a business office of the corporation with the person in charge thereof.

Error to Osage Circuit Court.—*Hon. Wm. A. Davidson*, Judge.

REVERSED AND REMANDED.

*W. F. Evans* and *Frank P. Sebree* for plaintiff in error.

(1) It does not appear from the amended return that the summons was served on an agent, officer, or employee of defendant, plaintiff in error, as required by sections 570 or 995, General Statutes of 1899. (2)

The amended return does not show that the summons was served on a person in charge of an office or place of business of the defendant, the plaintiff in error, as required by sections 570 or 995 of the General Statutes of 1899. (3) Service of a summons upon a station agent or other subordinate officer of a corporation is not sufficient unless the president or other chief officer is absent from the county, and this fact must appear from the return. Rixke v. Western Union Co., 96 Mo. 406; Hoen v. Railroad, 64 Mo. 561. (4) The law requires that the return of an officer showing or attempting to show constructive service of a summons should be strictly construed. Gamasche v. Smythe, 60 Mo. App. 161; Bank v. Suman, 79 Mo. 527; Blanton v. Jamison, 3 Mo. 52; Vickery v. Railroad, 93 Mo. App. 1. (5) The return should show in direct terms or by unavoidable inference that the summons was served upon an officer or agent of the defendant in charge of one of its offices. Gamasche v. Smythe, 60 Mo. App. 161.

*Ryors & Vosholl* for defendant in error.

(1) Evidence will not be permitted to contradict the return. Bank v. Suman, 79 Mo. 527. (2) The abstract does not show that other evidence was introduced than the affidavits referred to in the abstract. Campbell v. Butler, 32 Mo. App. 656. (3) The petition in this case does not directly charge the defendant to be a foreign corporation, but the judgment finds such to be the fact and the validity of the process must therefore be determined under clause 4, section 570, Revised Statutes of Missouri. (4) 'The return of the sheriff contains all the allegations of fact sufficient to give the court jurisdiction. McNicoll v. United States, 74 Mo. 457. (5) The argument and authorities of appellant based upon the "constructive notice" theory perhaps first held in 9 Mo. App. 599, was in that case, after thorough research,

overruled by the Supreme Court. McNicoll v. United States, 74 Mo. 457. (6) Sheriff's returns should receive a reasonable construction. Davis v. Jacksonville, 126 Mo. 76; Mikel v. Railroad, 54 Mo. 145; Hill v. Ore Co., 90 Mo. 103. (7) Measuring the return in question by the requirements of section 570, Revised Statutes as defined in case of Davis v. Railroad, 126 Mo. 69, we submit it is sufficient.

SMITH, P. J.—This is an action which was brought under the provisions of article 4, chapter 47, Revised Statutes. The sheriff's return indorsed on the writ is as follows:

"I do hereby certify that I executed the within writ and petition in Osage county, Missouri, on the thirteenth day of February, 1903, by delivering a true copy of the within writ and a certified copy of the within petition thereto attached, to Leo Wegman whom I found in charge of the railway station at Freeburg in said county, and who represented himself to be the station agent there of the Chicago, Rock Island and Pacific Railway Company and whom I served as such, and who was in charge of the business of the only railway passing through said town of Freeburg in said county.

"C. J. LAMB,
"Sheriff Osage County, Missouri."

Defendant appeared—limiting its appearance—and moved the court to quash the return on the ground that it was wholly insufficient to give the court jurisdiction over defendant, which motion was by the court overruled and judgment subsequently was given by default declaring and enforcing the lien claimed by the plaintiff. Later on, the defendant sued out a writ of error and in that way brought the cause before us for review. The plaintiff filed a motion here asking that the sheriff be permitted to amend his return by adding thereto the words, "the president and other chief of-

ficers being absent from the county and could not be found."

The defendant railway company contends that it would be improper to allow the proposed amendment because "there is no statute of amendments applicable to proceedings in this court." But in this the learned counsel for defendant are in error as may be seen by reference to sections 670, 672 and 673, Revised Statutes. The jurisdiction of this court is clearly conferred by these sections. They are to be found in every revision of our statute from 1835 to 1899. More than fifty years ago the Supreme Court in Muldron v. Bates, 5 Mo. 214, declared that the return of a sheriff might under said statutes be amended by the court in which the cause may be removed by writ of error or appeal. And this rule of practice has been steadily adhered to ever since. Holmes v. Hill, 19 Mo. 159; Bunton v. Adams, 65 Mo. App. l. c. 6; Crispen v. Hannovan, 86 Mo. l. c. 168; Weil v. Simmons, 66 Mo. 617. The amendment requested by plaintiff Holtschneider should, we think, be allowed.

But looking at the service as amended, is it not still subject to the objection defendant has lodged against it? Turning again to the statute and we there find two sections bearing upon this question; one of them section 995, providing that, "when any such summons shall be issued against any incorporated company, service on the president or other chief officer of such company, or, in his absence, by leaving a copy thereof at any business office of said company with the person having charge thereof, shall be deemed sufficient service:" and the other section 996, providing that, "on the return of such summons served as aforesaid the officer serving the same shall express in his return on whom, how and when the same had been executed and if not on the chief officer he shall express the absence of such officer or that he can not be found."

No doubt it is true, as defendant contends, that the

law requires that the return of a sheriff, or other officer, showing or attempting to show constructive service of a summons is to be strictly construed. Everything may be inferred against the officer's return which its departure from the description of the statute will warrant. Bank v. Suman, 79 Mo. 527, and cases there cited. It seems to us that if the statute in question be strictly construed that as amended here it is insufficient to confer jurisdiction. The return, it will be seen, does not show directly or by inevitable inference that the sheriff left a copy of the writ and petition at any business office of said company with a person having charge thereof. If it were (as it is not) permitted to us to give the language of the return a liberal construction a different conclusion respecting its sufficiency might be reached; but under the rule which we are obliged to apply, we think it insufficient to confer jurisdiction. And therefore we must reverse the judgment and remand the cause. All concur.