FRANK TAYLOR, Respondent, v. GEORGE HELTER, Appellant.

St. Louis Court of Appeals.  Opinion Filed March 5, 1918.

1. **PROCESS: Return: Recital of Place of Service.**  Under Revised Statutes 1909, section 1763, requiring return of service of writ to recite the place of service, a return of writ served on Sunday, reciting, to bring the service within section 1785, as to Sunday service, that the person served was a nonresident of the State, and that at the time of service was about leaving the county and State, but not referring to the place of service, was insufficient, since nothing can be presumed in favor of the return, but it must show on its face that every statutory requisite has been complied with.

2. ———: ———: ———: **Caption.**  Under this statute, a return, not referring to place of service, is not aided by presumption or intendment from the caption prefixed thereto, "State of Missouri, County of Pike—ss."

3. ———: ———: **Not Aided by Extrinsic Evidence.**  The recitals of the return cannot be aided or enlarged by extrinsic evidence.

4. ———: ———: **Amendment.**  Where recitals of a return are insufficient, upon proper application the trial court may allow amendment of the return.

Appeal from the Circuit Court of Pike County.—*Hon. Edgar B. Woolfolk,* Judge.

REVERSED AND REMANDED.

*Hostetter & Haley* for appellant.

(1) The sheriff's return is invalid and will not support the default judgment.  The sheriff's return recites two things, viz: 1st. That defendant is a nonresident of this State, and 2nd. That at the time of the service he "was about leaving the county and the State."  Section 1785, R. S. 1909, clearly refers to conditions under which residents of the State may be served.  Other statutes relate to and control the manner of obtaining service on nonresidents.  The return does not show the place of service.  The "time,

place and manner of service" must be affirmatively shown in writing in order to meet the requirements of the statute. Sec. 1763, R. S. 1909. Everything may be inferred against a return which its departure from the statute as to service will warrant. Blanton v. Jamison, 3 Mo. 52; Madison Co. Bank v. Suman, 79 Mo. 527. Even though an inference might be drawn from the caption to the return that the process was actually served in Pike County, Missouri, yet under the statute above cited, viz., Sec. 1763, R. S. 1909, the place of service must be affirmatively shown in writing. Parol evidence is incompetent to piece out a return. Madison County Bank v. Suman, 79 Mo. 531. The return of an officer is a part of the record, as much so as the pleadings and the judgment; it is conclusive as to the fact recited; it cannot be impeached collaterally; the remedy of a party injured by a false return is to sue the officer and his sureties; its imperfect recitals cannot be aided by extrinsic evidence. Samuels v. Shelton, 48 Mo. 444; McClure v. McClurg, 53 Mo. 173; Wannell v. Kem, 57 Mo. 478; McDonald v. Leewright, 31 Mo. 29; Delinger v. Higgins, 26 Mo. 180; Richardson v. George, 34 Mo. 108; Bateson v. Clark, 37 Mo. 31; Reeves v. Reeves, 33 Mo. 28; Brown v. Langlois, 70 Mo. 226; Hallowell v. Page, 24 Mo. 590. There is no statute authorizing the issuance of a summons against nonresidents to be served in this State. Sec. 1778, R. S. 1909, does provide for personal service on nonresident defendants, but said section provides that the summons shall be sent to the foreign State or territory and there served; such personal service on nonresidents as is contemplated by section 1778 has only the force and effect of a service made by an order of publication, and is insufficient to support a personal judgment. Moss v. Fitch, 212 Mo. 484; Hedrix v. Hedrix, 103 Mo. App. 40. Section 1770 prescribes the method of obtaining service on nonresidents. Where there are several defendants, part of them residents and part of them nonresidents, those who are nonresidents are under

the provisions of section 1770 notified by order of publication, and as to those who are residents, under the provisions of section 1771 "process shall be issued against them as in other cases." Section 1772 provides for an order of publication against nonresidents based on a *non est* return of the officer. These sections accentuate the correctness of our contention that section 1785 which makes an exception to the prohibition against the service of writs on Sunday, "when the defendant is about leaving the county," that this means residents of the State against whom personal process is lawfully authorized to be issued, and not against nonresidents who can only, under the statute, be notified by publication, or if personally served can only be served in the foreign jurisdictions under the provisions of section 1778. Section 1785, R. S. 1909, relates only in its prohibitive features to personal service on Sunday or other legal holidays, and not to constructive service as in the case of nonresidents. Barber Asphalt Pav. Co. v. Muchenberger, 105 Mo. App. 51. (2) The case being not a triable case, as there was less than thirty days' service before the December term, 1914, and the default judgment and the final judgment were both rendered at the December term, 1914, the court refusing to hear the defendant at all or to permit him to plead was a palpable abuse of the discretion of the court, and is unwarranted by the law. Pike County has less than 40,000 inhabitants, and of this fact the courts will take judicial notice. Moutz v. Moran, 172 S. W. 613. This suit, being one for unliquidated damages and brought in a county containing less than 40,000 inhabitants, and service (assuming it valid) being more than fifteen days and less than thirty days, was not triable at the return term, in any event; at the return term plaintiff might under the provisions of section 2093, R. S. 1909, take an interlocutory judgment by default; but he had no right to proceed to final judgment at the return term. This can only be done in counties having 40,000 inhabitants or less, in suits where there is thirty days'

service and in actions on notes, bonds, etc., where there is fifteen days' service. Sec. 1799, R. S. 1909; Secs. 1757, 1758, 1777, 2093, and 2098, R. S. 1909; Moutz v. Moran, 172 S. W. 615; Miller v. Gordon, 96 Mo. App. 395, 70 S. W. 269; Reed v. Nicholson, 158 Mo. 624, 59 S. W. 977.

*Tapley & Fitzgerrell* for respondent.

ALLEN, J.—Plaintiff instituted this action in the circuit court of Pike county seeking to recover the sum of $2490 as damages alleged to have been sustained by him by reason of false and fraudulent representations charged to have been made by the defendant in the course of a transaction whereby plaintiff exchanged certain real estate for real estate belonging to the defendant. The defendant was served with a writ of summons on November 15, 1914, that day being Sunday. The sheriff's return, endorsed upon the writ, is as follows:

"I hereby certify that I served the within writ and process on the within named defendant, George W. Helter, by delivering to him the said George W. Helter a true copy of the petition and writ. All done on the 15th day of November, A. D. 1914. I further certify that the defendant, George W. Helter, is a nonresident of this State, and that at the time of the service aforesaid was about leaving the County and the State."

At the return term of the writ, to-wit, on December 15, 1914, an interlocutory judgment by default was entered against defendant. Thereafter, and prior to the entry of final judgment, the defendant, limiting his appearance for that purpose only, moved the court to set aside the default and grant him a reasonable time in which to plead. This motion the court overruled. Thereafter, at the same term, the court entered final judgment in favor of plaintiff for the full sum prayed for in his petition. After unavailing motions for a new trial and in arrest, the defendant prosecuted his appeal to this court.

In the view which we take of the case, as it reaches us, it is unnecessary to look farther than the return of the sheriff, which is assailed as being insufficient to vest the court with jurisdiction to render personal judgment against the defendant. As appears by the return, the service was had on Sunday, and the officer serving the writ has undertaken to bring the service within the provision of section 1785, Revised Statutes 1909, which provides that "No person, on Sunday . . . shall serve or execute any writ, process, warrant, order or judgment except in criminal cases, or for a breach of the peace or when the defendant is about leaving the county," etc. The return recites that the defendant is a nonresident. It is argued that the provisions of section 1785, supra, authorizing the service of process on Sunday where the defendant "is about leaving the county," applies only to service upon residents of this State. We are not prepared to say that appellant is correct in this contention, but we find it unnecessary to pass judgment upon the matter.

The return is assailed as being wholly insufficient because of the failure of the sheriff to therein state the place where such service was had. Section 1763, Revised Statutes 1909, provides that: "Every officer to whom any writ shall be delivered to be executed shall make return thereof in writing of the *time, place and manner* of such service of such writ, and shall sign his name to such return" (italics ours). It will be observed that this writ recites the time and manner of service; but it does not expressly state the place where such service was had. It does not affirmatively show that the writ was served upon the defendant in Pike County, Missouri. It may be that the language employed in the return can properly be said to raise an inference or presumption, if such were allowable when dealing with a return of process, that service was had within the jurisdiction of the officer, viz: Pike County, Missouri. But it has frequently been held that "the return cannot be aided by presumptions or intendments, that nothing can be presumed in favor of the return, or

read into it by intendment; that the return must show on its face that every requisite of the statute has been complied with." [Regent Realty Co. v. Paving Co., 112 Mo. App. 271, 1. c. 279, and cases there cited, 86 S. W. 880; Mercantile & Manufacturing Co. v. Insurance Co., 128 Mo. App. 129, 106 S. W. 573.] It has been said that everything may be inferred against an officer's return which its departure from the statutory requirements will warrant. [Madison County Bank v. Suman, 79 Mo. 527; Holtschneider v. Railroad, 107 Mo. App. 381, 81 S. W. 489.]

We regard the return before us as insufficient. The recitals of the return could be true even though service was had upon the defendant in another county or beyond the limits of the State. [Madison County Bank v. Suman, supra, 1. c. 530.] It is true that this return bears a caption stating the style of the cause and the words "State of Missouri, County of Pike, S. S." Primarily this caption is to be taken as showing the venue of the return and not the place of service. It has been held, however, that in the absence of any contrary recital in the body of the return, such a caption may afford a sufficient showing that the service was made in the county and State therein mentioned. [Davis v. Richmond, 35 Vt. 419.] But in view of the fact that our statute specifically commands that the officer state in his return the place of service, we think that it would not be proper to hold that this return, failing as it does to comply with the statute, is to be aided by presumption or intendment appearing from the caption prefixed thereto. The return shows defendant to be a nonresident of the State. It is essential, of course, that service be had upon him within the limits of this State in order to confer jurisdiction over his person; and the statute in explicit terms requires that the officer recite in his return the place of such service, in order that it may affirmatively appear that such service was had. The return avoids all reference to the place of service.

In Crowley v. Wallace, 12 Mo. 142, 1. c. 147, it was held that the failure of a constable to state in his return that the writ was served in the township, did not vitiate all of the proceedings based thereupon so that they could be pronounced void; but, as stated in the opinion, this was upon collateral attack and there was no statute prescribing the form of the return.

The recitals of the return cannot be aided or enlarged by extrinsic evidence (Madison County Bank v. Suman, supra; Realty Co. v. Paving Co., supra); but upon proper application the trial court may allow an amendment of the return (See Mercantile & Manufacturing Co. v. Insurance Co., supra.

It is unnecessary to discuss the other features of the case. The judgment will be reversed and the cause remanded with leave to plaintiff to apply to the circuit court for an amendment of the return, if so advised; defendant to have leave to plead to the petition, if the return shall be so amended as to comply with the statute. It is so ordered. *Reynolds, P. J.,* and *Becker, J.,* concur.