R. K. BEDELL, Defendant in Error, v. RICHARD-SON LUBRICATING COMPANY, a Corporation, Plaintiff in error.

Kansas City Court of Appeals, April 7, 1919.

1. **PROCESS: Sheriff's Return: Interpretation..** The return of the sheriff endorsed on a writ of summons should receive a reasonable and natural interpretation and must be fairly construed and effect given to its plain intent and meaning, under section 1766, R. S. 1909.

2. ———: **Service on Corporation: Business Office.** Where the return of a sheriff on a summons, sent to him from another county in his State for service on a business corporation, shows that process was served upon defendant's agent at defendant's office in said county, it will be upheld notwithstanding the word "business" is not used, as a fair construction of such return shows that it was served at the business office of the company.

3. ———: **Courts: Prsumption: Valid Service.** Circuit courts are courts of general jurisdiction and having heard the evidence and rendered judgment in a cause it will be presumed that it ascertained sufficient facts to sustain service in another county so as to give it jurisdiction to render a personal judgment.

Error to Chariton Circuit Court.—*Hon. Fred Lamb,* Judge.

AFFIRMED.

*O. F. Libby, O. A. House* and *John D. Taylor* for defendant in error.

*Roy McKittrick* and *J. A. Collet* for plaintiff in error.

BLAND, J.—Defendant in Error at the February term, 1918, brought this suit for libel in the circuit court of Chariton County, Missouri, against Plaintiff in Error and one E. D. Richardson. Summons was directed to the sheriff of Audrain County; the return of the sheriff was as follows:

"Executed the within writ in the County of Audrain and State of Missouri, on the 4th day of January, 1918, by delivering to E. L. Johnson certified copy of the within petition and summons as certified and furnished me by the Clerk of the Circuit Court of Chariton County, Missouri, E. L. Johnson an agent of the Richardson Lubricating Co., a corporation and E. D. Richardson, the within named defendant. E. L. Johnson being then and there an agent of said company in charge of its office in said county, the president and other chief officers not found in said county."

At the February term, 1918, there was a verdict and judgment by default against Plaintiff in Error, Richardson Lubricating Company, in the sum of three thousand dollars, suit having been dismissed as to the defendant, E. D. Richardson. Afterwards at the same term Plaintiff in Error filed a motion to quash the execution for the reason that no proper service had been had on it. This motion was overruled.

The first attack made upon the return is that it is claimed that it fails to comply with section 1766, R. S. 1909, which provides as follows:

"When any such summons shall be issued against any incorporated company, service on the president or other chief officer of such company, or, in his absence, by leaving a copy thereof at any business office of said

company with the person having charge thereof, shall be deemed a sufficient service; and if the corporation have no business office in the county where suit is brought, or if no person be found in charge thereof, and the president or chief officer cannot be found in such county, a summons shall be issued, directed to the sheriff of any county in this State, or any other State, where the president or chief officer of such company may reside or be found, or where any office or place of business may be kept of such company, and the service thereof shall be the same as above.''

It is the contention of Plaintiff in Error that ''the return does not show that a certified copy of the summons and petition was left at any *business* office or office or any place of *business* of the company with the person having charge thereof.'' The record shows that the Richardson Lubricating Company was a business corporation engaged in the selling and distribution of petroleum and its products. The return shows that the summons was served upon an agent of said company in said company's office, such agent having charge of such office. We are unable to see why this return is not sufficient.

In Blanton v. Jamison, 3 Mo. 52, the supreme court said, ''It is fair to infer everything against the return which its departure from the statute will warrant, and which we are not precluded from doing by its terms.'' In Stanley v. Sedalia Transit Co., 136 Mo. App. 388, l. c. 391, this court said, ''It is fair to infer everything against the return which its departure from the statute will warrant.'' In Holtschneider v. Railroad, 107 Mo. App. 381, l. c. 385, this court said: ''No doubt it is true, as defendant contends, that the law requires that the return of a sheriff or other officer, showing or attempting to show constructive service of the summons is to be strictly construed. Everything may be inferred against the officer's return which its departure from the description of the statute will warrant.'' Citing Bank v. Suman, 79 Mo. 527. In Taylor v. Helter, 198 Mo. App. 643, l. c. 647, 648, St. Louis Court of Appeals said, ''But

it has frequently been held that 'the return cannot be aided by presumptions or intendments, that nothing can be presumed in favor of the return, or read into it by intendment; that the return must show on its face that every requisite of the statute has been complied with' . . . It has been said that everything may be inferred against an officer's return which its departure from the statutory requirements will warrant.''

However, in Mikel v. St. Louis, K. C. & Northern Rd., 54 Mo. 145, l. c. 146, the supreme court in reference to this statute said, ''The statute is remedial in its nature, and should not receive a restricted or artificial construction.'' In Davis v. Jacksonville Southeastern Line, 126 Mo. 69, l. c. 76, the same court said, ''The return should receive a reasonable and natural interpretation. It must be fairly construed and effect be given to its plain intent and meaning.'' In State ex rel. v. Sale, 232 Mo. 166, l. c. 174, the court again reasserted the rule of construction laid down in Davis v. Jacksonville Southeastern Line, supra, by quoting approvingly the language that we have quoted from it.

It would seem that the law in this State in reference to the rule governing the construction of the statute is that the return should receive a reasonable and natural interpretation and must be fairly construed and effect given to its plain intent and meaning, as decided by the latest decision of the supreme court on the subject. [State ex rel. v. Sale, supra.] Applying this rule to the return we think there is no question but that the service is good. We are unable to imagine any office of a business corporation, such as the one involved in this case with an agent in charge thereof, not being a business office. In fact Webster defines office as being ''The place where a particular kind of business or service for others is transacted; a house or apartment in which public officers and others transact business; as, the register's office; a lawyer's office.'' ''The company or corporation, or persons collectively, whose place of business is in an office; as, I have notified the office.'' It would appear that that part of the statute

referring to service in another county uses the term *office* and *business office* interchangeably, for it says, "if the corporation have no business office in the county where suit is brought . . . a summons shall be issued directed to the sheriff of any other county in this State . . . where any *office or places of business* may be kept of such company."

In Hill v. St. Louis Ore & Steel Company, 90 Mo. 103, the Supreme Court held valid a return which recited that the constable served the summons upon W. G. Dilts, "the book-keeper and agent of the within named defendant at and in the only office of said company in my county of Iron, said Dilts being in charge of defendant's said office on the seventeenth day of November, 1882." The supreme court in that case held that it was unnecessary for the constable to recite that he served the writ at the "business" office, for that word was not used in the constable's return, but construed the return in a natural and reasonable way. As the return showed that the process was served on defendant's book-keeper at the only office the company had in the county, a fair construction of the return showed it to mean that the office where the summons was served was a business office, and the supreme court, as before stated, upheld the return as showing such a fact. While the word "business" is not used in the return now before us, we follow the decision of the supreme court in the Hill case and hold that that word is not necessary to be used if a fair construction of the summons shows that it was served at the business office. We think such a construction of this return establishes this to be the fact.

Plaintiff in Error urges that the return fails to show that the Service was made upon a person who was in *charge* of the business office of defendant and therein or thereat at the time of the service. The return recites that it was served upon E. L. Johnson, an agent of the Richardson Lubricating Company, "E. L. Johnson being then and there an agent of said company in charge of its office in said county." Webster's dictionary defines

the word "then" to mean "at that time" and defines "there" to mean "in or at that place." If we interpolate the words "at that time" for the word "then" and "in or at that place" for the word "there," the return would read "E. L. Johnson being at that time and in or at that place an agent of said company in charge of its office in said county." We have no doubt but that giving the words used in the return their natural meaning they mean that E. L. Johnson was in charge of the office of plaintiff in error and therein or thereat at the time he was served with the summons.

Plaintiff in Error contends that as the suit was brought in Chariton County the process should have been directed to the sheriff of Chariton County, as there is no showing that service could not have been had in that county. The case was properly brought in Chariton County because the cause of action accrued there. [Section 1754, R. S. 1909.] The circuit court of Chariton County is a court of general jurisdiction and having heard the evidence and rendered judgment, it will be presumed that it found that service could not be had upon defendant in Chariton County, and, therefore, absent a requirement of law that there be an affirmative showing of such fact somewhere in the record, this court will presume that the circuit court ascertained sufficient facts as to the service such as to give it jurisdiction to render a personal judgment. [Daniels v. Yarhola Pipe Line Co., 206 S. W. 600.]

The judgment is affirmed. All concur.