### GRANGER v. SHOUSE.
#### No. 6421.

United States District Court
W. D. Missouri, W. D.
Aug. 1, 1950.

Kuraner, Freeman & Kuraner and Reginald Geiser, all of Kansas City, Mo., for plaintiff.

Thos. E. Deacy, Kansas City, Mo., for defendant.

**440**

REEVES, Chief Judge.

The defendant in the first instance challenges the sufficiency of the service in this case and seeks dismissal upon the ground that at the time the summons purportedly was served upon defendant he was a non-resident of the State of Missouri. An examination of the pleadings, including the return of the sheriff, discloses the following return marked as Exhibit "C" to the summons:

"Return On Service Of Summons
"I hereby certify that I have served the within summons * * *
"(2) By leaving on the 15th day of June, 1950 for the within-named defendant
"Wilbur K. Shouse
a copy of the summons and a copy of the petition at the respective dwelling place or usual place of abode of said defendant with some person of his or her family over the age of 15 years:
"(3) By
"J. A. Purdome, Sheriff
of Jackson County, Mo.
"By—R. Hays
Deputy."

It will be noted from the foregoing return that it fails to state where the summons was served. In 1943 the General Assembly of the State of Missouri repealed Section 884, R.S.Mo.1939, relating to the subject of Process and Return to be made by the process server. However, it re-enacted the identical requirement which appears as Section 30, p. 368, Laws of Missouri 1943, Mo.R.S.A. § 847.30.

The language is that of the former section, or substantially so. The new section provides: "Every officer to whom any writ of process shall be directed and delivered for service shall make return thereof in writing *of the time, place and* manner of service of such writ, * * *." (Italics mine.)

■ 1. It will be observed from the above that the place of service was not designated. It purported to be "at the respective dwelling place or usual place of abode of said defendant." This dwelling place may have been in Houston, Texas, where defendant resides, as asserted by counsel in

his affidavit supporting his motion to dismiss.

■ It is the law that the recital in the return must show a place within the county and state where the service is attempted. Taylor v. Helter, 198 Mo.App. 643, loc. cit. 647, 201 S.W. 618. While the caption would be insufficient to show the place of service yet the return in this case did not even contain a caption which would indicate the venue. See also Bedell v. Richardson Lubricating Co., 201 Mo.App. 251, 211 S.W. 104, and Yowell v. Mace, 221 Mo. App. 85, 290 S.W. 96.

2. While counsel has not raised the point above discussed, yet it seems fatal to the service, and, moreover, since a return of the sheriff is conclusive, White v. Hal-John Realty & Inv. Co., 226 Mo.App. 157, loc. cit. 160, 43 S.W.2d 855, and in view of the positive statement under oath that the defendant is a nonresident of Missouri, it seems better to quash the service than to attempt to sustain it. Particularly is this true in view of the liberality of the Missouri law which permits service of process on nonresidents in cases such as this, which will have the effect of personal service.

■ 3. Assuming that proper service will be had upon the defendant, it seems proper to consider the motion for a more definite statement. An examination of the complaint shows that negligence in general terms is averred. It has been repeatedly held that this is sufficient under the new rules of civil procedure, and particularly under the provisions of rule 8, Fed.Rules Civ.Proc. 28 U.S.C.A. This rule, among other things, requires that the pleader shall make "(2) a short and plain statement of the claim showing that the pleader is entitled to relief, * * *." In the Appendix of Forms submitted with the Rules by the Supreme Court, and particularly form numbered 9, a general averment of negligence is all that is required. Other details may be obtained by interrogatories, request for admissions, by depositions, or other of the apt discovery rules.

[4, 5] 4. Moreover, the motion for a more definite statement is the exact and precise equivalent of the motion for a bill

of particulars. The motion for a bill of particulars has long since been deleted from the rules. The motion for a more definite statement is only designed to clarify ambiguous and doubtful averments. The averments in this case are not ambiguous or doubtful. See Fleetwood v. Milwaukee Mechanics Ins. Co., D.C., 88 F.Supp. 474; also Continental Collieries v. Shober, 3 Cir., 130 F.2d 631, loc. cit. 635; United States v. Kornfeld, D.C., 9 F.R.D. 675, loc. cit. 676.

In view of the above the several motions to dismiss and for a more definite statement will be overruled. However, the service of process and the return of the sheriff should be and will be quashed.