Pecola JONES, Petitioner-Respondent,

v.

Green JONES, Respondent-Appellant.

No. 50504.

Missouri Court of Appeals, Eastern District, Division One.

July 8, 1986.

**466**

Lena A. Conley, St. Louis, for respondent-appellant.

Jay E. Sushelsky, St. Louis, for petitioner-respondent.

SMITH, Judge.

Green Jones appeals from the action of the trial court in denying his motion for review of a final default judgment which awarded his wife Pecola Jones separate maintenance. We affirm.

Defendant's only point on appeal is that the service on him was invalid because the sheriff's return did not describe the place of service. Rule 54.20(a)(1) requires the return to include the time, place and manner of service. In *Taylor v. Helter*, 198 Mo.App. 643, 201 S.W. 618 (1918), we addressed the "place" requirement of the service statute. The thrust of that decision was that the "place" requirement was intended to establish that the service was made within the jurisdiction of the officer effecting service, i.e. in his county. See also *Granger v. Shouse*, 10 F.R.D. 439 (D.C.Mo.1950).

 The return here did not give an address where service occurred but did state "All done in St. Louis County, Missouri." As such it established the jurisdiction of the St. Louis County deputy sheriff to effect service. Rule 74.30 provides that a judgment will not be reversed, impaired or affected by "any imperfect or insufficient return of any sheriff or other officer...." Defects in the form of a summons are not absolutely destructive of its validity unless the defect is so radical as to amount to no process at all as where it fails to give the party the information it is expected to convey or is so faulty that it does not reach defendant at all. *Hirst v. Cramer*, 195 S.W.2d 738 (Mo. banc 1946) [2–4].

The alleged defect asserted by defendant certainly does not reach that level if, in fact, the return of service is defective at all.

Judgment affirmed.

CARL R. GAERTNER, P.J., and SNYDER, J., concur.