Tracy BUELL, Appellant,

v.

TEXAS COUNTY LIBRARY and Missouri Division of Employment Security, Respondents.

No. SD 32299.

Missouri Court of Appeals, Southern District, Division One.

June 20, 2013.

John J. Ammann, St. Louis, MO, for Appellant.

Ninion S. Riley, Jefferson City, MO, for Respondent.

WILLIAM W. FRANCIS, JR., J.

Tracy Buell ("Buell") appeals the decision of the Labor and Industrial Relations Commission ("Commission") disqualifying her from unemployment benefits because she was not an insured worker as she had insufficient wage credits for the base period of the claim. We affirm the Commission's decision.

### Facts and Procedural History

Buell began working for the Texas County Library ("Library") in September 2009. During her employment at the Library, Buell worked approximately thirty to thirty-two hours a week. There is no evidence in the record that Buell was ever disciplined or reprimanded during her employment at the Library.

Buell worked the entire day on February 7, 2011, but that evening she was arrested and incarcerated in the Texas County Jail. Buell was held in the Texas County Jail for twenty-four hours. The criminal charges against Buell were later dismissed. Buell was scheduled to work a dayshift on February 8, 2011. Buell was unable to report to work that day due to her confinement. Buell had her daughter call the Library to report to the Library director that Buell would be unable to report to work on February 8. On the morning of February 9, 2011, Buell called her supervisor to report she would be returning to work that day, and she was informed that the Library Board of Trustees had put her on administrative leave. The Library later informed Buell by letter dated March 3, 2011, that she had been placed on unpaid administrative leave as of February 8, 2011, "pending further notice."

### First Filing for Unemployment Benefits—Result: Denied and Untimely Appeal

In March 2011, Buell filed for unemployment benefits.[1] The "Benefit Year Beginning Date of Claim" ("BYB") on this claim was March 27, 2011. Buell was determined to be an insured worker with a weekly benefit amount of $92 and a maximum benefit amount of $2,392. On April 12, 2011, a Missouri Division of Employment Security ("Division") "Deputy's Determination Concerning Claim for Benefits" disqualified Buell from receiving unemployment benefits finding Buell "left work with the [Library] voluntarily without good cause attributable to her work or employer on 2/11/11." The determination further stated that Buell quit because "she was incarcerated" and "[h]er reason for not returning to work was not attributable to work or the [Library]." Buell filed an appeal of this determination but her appeal was dismissed by the Missouri Division of Employment Security Appeals Tribunal ("Appeals Tribunal") on June 2, 2011, as untimely filed, along with

---

1. The initial claim filed by Buell with benefit year beginning 2011 was not included in the Legal File, or otherwise properly made a part of the record on appeal.

her Application for Review to the Commission because it too was late. Buell filed a "Notice of Appeal" with the Missouri Court of Appeals, Southern District, which was later dismissed by Buell.[2]

### Second Filing for Unemployment Benefits—Result: Buell Not Ineligible for Benefits From May 22, 2011 Through June 11, 2011

Buell made a second attempt to collect unemployment benefits for the weeks of May 22, 2011 through June 11, 2011.[3] The BYB listed for this claim was March 27, 2011. On June 16, 2011, the deputy's determination found that Buell was disqualified for unemployment benefits because she was "not available for work" and that she was on an "approved leave of absence." On July 12, 2011, Buell filed an appeal of this decision to the Appeals Tribunal.

On August 2, 2011, the Appeals Tribunal made "'Findings of Fact" and issued its decision. The Appeals Tribunal found that Buell was not permitted to work for the Library during the weeks of May 22, 2011 through June 11, 2011, after "having been placed on a leave which the employer terms an unpaid administrative leave." The Appeals Tribunal also found that the Library would not "permit [Buell] to work because she has been charged with five felonies." The Appeals Tribunal specifically found that "[Buell] sought work with prospective employers during each week from May 22, 2011 through June 11, 2011."

The Appeals Tribunal noted that the law applicable to Buell's appeal was section 288.040.1,[4] and found the issue was whether Buell was available to work from May 22, 2011 through June 11, 2011. The Appeals Tribunal concluded that Buell was available for work during the subject weeks and the leave agreement applicable to these weeks was not at the "instigation of the claimant." The Appeals Tribunal reversed the deputy's determination and found that Buell was "not ineligible for benefits for the weeks from May 22, 2011 through June 11, 2011, by reason of any failure to be available for work during those weeks." Finally, the Appeals Tribunal noted that, "[t]his decision will become the final decision of the Division unless a further appeal is filed as set out below."

There is no evidence in the record that the Library filed an appeal of this decision. Buell alleged at oral argument that she did not collect benefits for these weeks. However, the record before us contains no information as to whether Buell received those benefits and if not, why.

In a letter dated August 30, 2011, Buell received notification from the Library that the Texas County Library Board of Trustees elected to terminate her employment in the board meeting on August 26, 2011.

### Third Filing for Unemployment Benefits—Result: Buell Not Eligible for Unemployment Benefits Because She is Not an "Insured Worker"

On April 6, 2012, Buell filed a third claim for unemployment benefits. The initial claim listed the BYB as April 1, 2012, the "Benefit Year Ending Date of Claim" ("BYE") as July 6, 2012, and noted a "Previous BYB" of March 27, 2011. On April 9, 2012, the Division issued a "Notice of

---

2. These documents were not part of the record and we rely on Buell's "Statement of Facts" for the accuracy of this information.

3. An initial claim regarding this filing was not included in the Legal File, or otherwise properly made a part of the record on appeal.

4. All references to statutes are to RSMo 2000, unless otherwise indicated. All rule references are to Missouri Court Rules (2013).

Initial Determination of Status as an Insured Worker" finding that Buell was not "an insured worker" because she was "not paid wages for insured work of at least $1500 [sic] in any one quarter of [Buell's] base period." The determination listed only $1,455.07 in wages in the first calendar quarter of 2011 and no wages in the other three quarters. Buell appealed the Division's determination to the Appeals Tribunal.

On June 25, 2012, a hearing was held on Buell's third claim for benefits by means of a telephone conference. Buell was represented by an attorney. The referee at the hearing determined the "issue in this Hearing is whether the claimant is an insured worker under Section 288.030.1, Paragraph 22[.]" Buell testified that the wage amount of $1,455.07 for the first three months of 2011 listed on the monetary determination was "pretty accurate" and "correct." She testified that she missed only one day of work due to her incarceration—February 9, 2011.

At the hearing, Buell's counsel acknowledged that the notice of hearing indicated the issue was whether Buell was an eligible worker, but argued that the Appeals Tribunal's August 11, 2011 determination that Buell was not ineligible for benefits made her eligible not only for weekly claims during May and June 2011, but for any weeks after that and possibly retroactively back to February.

On July 5, 2012, the Appeals Tribunal issued a decision affirming the Division's eligibility determination. The referee made the following Findings of Fact:

The claimant filed an initial claim for benefits effective on April 1, 2012. This created a base period for the claimant of January 1, 2011, through December 31, 2011.

The claimant worked for Texas County Library from January 1, 2011, until she was placed on unpaid administrative leave on February 8, 2011. Her rate of pay was $7.75 per hour, and she worked about 30 hours a week. The Texas County Library paid the claimant insured wages of $1,455.07 in the first calendar quarter of 2011. The claimant was not paid any other insured wages during the base period from January 1, 2011, to December 31, 2011, except for her wages from the Texas County Library.

The Appeals Tribunal concluded the issue was whether Buell qualified as an insured worker. With respect to that issue, the Appeals Tribunal found:

The evidence shows that [Buell] was not paid wages for insured work of at least $1,500 in any calendar quarter of her base period. The law provides no exception for the requirement of sufficient wage credits in the base period to qualify as an insured worker. Although [Buell] argues that she was not ineligible for benefits according to the prior decision of the Appeals Tribunal in Appeal No. 11–16188 [second filing for unemployment], that decision addressed only the issue of being able to work and available for work under Section 288.040.1(2), RSMo. That prior decision did not pertain to the issue herein addressed concerning [Buell's] status as an insured worker under Section 288.030.1(22), RSMo.

The Appeals Tribunal affirmed the deputy's determination holding Buell was not an insured worker effective April 1, 2012, because she had insufficient wage credits in the base period of the claim.

Buell appealed the Appeals Tribunal's decision to the Commission by filing an "Application for Review." In the Application for Review, Buell argued that the Appeals Tribunal "failed to give effect to

an earlier ruling by the Appeals Tribunal." On August 28, 2012, the Commission affirmed and adopted the Appeals Tribunal's decision. This appeal followed.

■ In her only point relied on, Buell argues the Commission erred in finding Buell was not an insured worker because it failed to give effect to the Appeals Tribunal's August 2, 2011 finding that Buell was a worker not ineligible for unemployment benefits. Buell argues the August 2, 2011 decision was a final decision and, therefore, *res judicata* barred the Commission from relitigating the final decision that Buell was not ineligible in July 2012. Buell also argues the Commission's July 5, 2012 decision is not supported by substantial and competent evidence. The Division argues the August 2, 2011 decision concerning Buell's eligibility in May and June of 2011, does not have an impact on her claim for unemployment during the second benefit year. The Division further argues that Buell did not have enough wages to be an insured worker for the benefit year beginning April 1, 2012. Buell does not dispute the wage amount found by the Commission in her brief or at oral argument, nor did she ask this Court to find that she is an insured worker for the creation of a benefit year.[5]

The issue for our determination is whether the Commission erred in finding Buell was not an insured worker on July 5, 2012, because *res judicata* barred the Commission from relitigating the August 2011 final decision that Buell was not ineligible for unemployment benefits.

## Standard of Review

■ "The appellate court's review of the Commission's decision [6] in an unemployment compensation case is governed by section 288.210[.]" *Harris v. Division of Employment Sec.*, 350 S.W.3d 35, 38 (Mo. App. W.D.2011). Section 288.210 provides:

> The findings of the commission as to the facts, if supported by competent and substantial evidence and in the absence of fraud, shall be conclusive, and the jurisdiction of the appellate court shall be confined to questions of law. The court, on appeal, may modify, reverse, remand for rehearing, or set aside the decision of the commission on the following grounds and no other:
>
> (1) That the commission acted without or in excess of its powers;
>
> (2) That the decision was procured by fraud;
>
> (3) That the facts found by the commission do not support the award; or
>
> (4) That there was no sufficient competent evidence in the record to warrant the making of the award.

■ An appellate court "must examine the whole record to determine if it contains sufficient competent and substantial evidence to support the award, *i.e.*, whether the award is contrary to the overwhelming

---

5. The Division included a request in its brief that this Court dismiss the appeal, which request was taken with the case. Division argues that Buell failed to comply with the requirements of Rule 84.04. While it is within our discretion to dismiss an appeal for failure to comply with Rule 84.04, "[w]e will not exercise our discretion to dismiss an appeal for technical deficiency under Rule 84.04 unless the deficiency impedes disposition on the merits." *Gray v. White*, 26 S.W.3d 806, 816 (Mo.App. E.D.1999). We can clearly discern the essence of Buell's complaints of error and, therefore, deny Division's request to dismiss and address Buell's complaints on their merits.

6. When the Commission adopts the decision of the Appeals Tribunal, we consider the Appeals Tribunal's decision to be the Commission's for purposes of our review. *Ashford v. Division of Employment Sec.*, 355 S.W.3d 538, 541 (Mo.App. W.D.2011).

weight of the evidence." *Reno v. Tyson Poultry, Inc.*, 204 S.W.3d 347, 350 (Mo. App. W.D.2006) (internal quotation and citations omitted). "[A]n appellate court must view the evidence objectively, not in the light most favorable to the decision of the Commission[,]" but the appellate court defers to the Commission on matters of witness credibility and resolution of conflicting evidence. *Harris*, 350 S.W.3d at 39 (internal quotation and citation omitted).

■ However, this Court does not defer to the Commission's conclusions of law or application of law to the facts. *Lindsey v. University of Missouri, Div. of Employment Security*, 254 S.W.3d 168, 170 (Mo. App. W.D.2008). This Court reviews issues of law *de novo*. *Billings v. Division of Employment Sec.*, 399 S.W.3d 804, 805–06 (Mo. banc 2013) (quoting *Difatta–Wheaton v. Dolphin Capital Corp.*, 271 S.W.3d 594, 595 (Mo. banc 2008)). Thus, the decision by the Commission that Buell was not an insured worker is a question of law which this Court reviews without being bound by the Commission's decision. *See Missouri Div. of Employment Sec. v. Labor and Indus. Relations Comm'n of Missouri*, 739 S.W.2d 747, 749 (Mo.App. W.D. 1987).

## Analysis

■ Buell's point on appeal alleges the Appeals Tribunal's August 2, 2011 ruling that Buell was not ineligible for benefits is final, decisive and controlling and, therefore, binding on any subsequent ruling by the Appeals Tribunal and the Commission. Buell cites no authority holding that an insured-worker determination can never be relitigated when a claimant applies for benefits in the second benefit year. Our research does not locate any such authority either. Buell argues her position is

supported by the legal theory of *res judicata.*

The unemployment claim process begins when an individual files an "initial claim." *See RPCS, Inc. v. Waters*, 190 S.W.3d 580, 588–89 (Mo.App. S.D.2006); § 288.030.1(3). An "initial claim" is "an application, in a form prescribed by the division, made by an individual for the determination of the individual's status as an insured worker[.]" § 288.030.1(20).

An "insured worker" is one who has earned the necessary amount of wages to obtain unemployment benefits. *See* § 288.030.1(22). For Buell to qualify as an insured worker, she must have had wages for insured work in the amount of $1,500

> in at least one calendar quarter of such worker's base period and total wages in the worker's base period equal to at least one and one-half times the insured wages in that calendar quarter of the base period in which the worker's insured wages were the highest, or in the alternative ... been paid wages in at least two calendar quarters of [her] base period[.]

§ 288.030.1(22)(b). Once a claimant files an initial claim, "[a] deputy shall promptly examine each initial claim and make a determination of a claimant's status as an insured worker." § 288.070.4. The determination shall be based on a written statement showing the amount of wages for insured work paid to the claimant by each employer during the base period and must include a finding as to whether such wages meet the requirements of an insured worker. § 288.070.4. If the claimant qualifies as an insured worker, the deputy's determination must also include: (1) the first day of the claimant's benefit year, (2) the claimant's weekly benefit amount, and (3) the maximum total amount of benefits which may be payable to the claimant for

weeks of unemployment in the claimant's benefit year. § 288.070.4.

The filing of an initial claim determines the "benefit year." *Reisdorph v. Division of Employment Sec.*, 8 S.W.3d 169, 172 (Mo.App. W.D.1999). Section 288.030.1(3) defines "**Benefit Year**" as:

> "**Benefit year**", the one-year period beginning with the first day of the first week with respect to which an insured worker first files an initial claim for determination of such worker's insured status, *and thereafter the one-year period beginning with the first day of the first week with respect to which the individual, providing the individual is then an insured worker, next files such an initial claim after the end of the individual's last preceding benefit year* [.]

(Emphasis added). Once a claimant files an initial claim and is determined to be an insured worker, a benefit year is created. *RPCS, Inc.*, 190 S.W.3d at 588–89; § 288.030.1(3).

Here, following Buell's first claim for unemployment in March 2011, the Division established a BYB of March 27, 2011. Buell was determined to be an insured worker with a weekly benefit amount of $92 and a maximum benefit amount of $2,392. However, she was disqualified from receiving unemployment benefits because she "left work with the [Library] voluntarily without good cause attributable to her work or employer on 2/11/11[,]" and "[h]er reason for not returning to work was not attributable to work or the [Library]." Although she was determined to be an insured worker in her first claim, she was denied benefits and the claim ended because her appeals were untimely.

Buell's second attempt at benefits sought "benefits for the weeks from May 22, 2011 through June 11, 2011." While this Court does not have the benefit of the initial claim filed by Buell, the deputy's initial decision finding Buell was disqualified from unemployment benefits noted the BYB listed for her second claim for unemployment was March 27, 2011. Also not included in the record is the finding that Buell was an insured worker on her second claim as required by section 288.070.4. However, we assume such a determination was made because the deputy proceeded to determine whether or not she was eligible for benefits, and ultimately so did the Appeals Tribunal.

The only issue before the Appeals Tribunal in August 2011, was whether Buell was available to work from May 22, 2011 through June 11, 2011. The Appeals Tribunal concluded that Buell was available for work during the subject weeks and reversed the deputy's determination and found that Buell was "not ineligible for benefits for the weeks from May 22, 2011 through June 11, 2011, by reason of any failure to be available for work during those weeks."

■ The dispute in the present case arose when Buell filed a third initial claim for unemployment benefits in April 2012. The 2012 initial claim listed the BYB as April 1, 2012, and noted a "Previous BYB" of March 27, 2011. Clearly, Buell's April 2012 initial claim was a second-year benefit claim as her first-year benefit claim had expired. A claimant cannot file a second claim until the first benefit year expires. *Brasch v. Labor and Industrial Relations Commission*, 796 S.W.2d 121, 124 (Mo. App. E.D.1990). Here, neither party alleged that Buell's first benefit year had not yet expired when she filed her claim in 2012, so we do not address benefit year expiration of the 2011 initial claim. Rather, Buell is essentially arguing that all rulings from her previously filed claims should be binding on her April 2012 second-year benefit claim. Specifically, she claims the Division's determination on

April 9, 2012, which the Commission ultimately affirmed, that Buell was not "an insured worker" because she was "not paid wages for insured work of at least $1500 [sic] in any one quarter of [Buell's] base period[,]" was error because it was in contradiction to findings she was an insured worker in her previous claims.

We find the Commission's finding was correct and we reject Buell's argument for the following reasons.[7]  First, *res judicata* did not bar the Commission's decision that Buell was not an insured worker.  Once a benefit year expires, Buell had to then file a second claim.  At the time of her second filing, the Division had to determine not only her new benefit year, but whether she was an insured worker.  This is clear under section 288.030.1(3), which provides the benefit year must be determined when a claimant files an initial claim *after the end* of the individual's last benefit year *"providing the individual is **then** an insured worker* [.]" (Emphasis added).  " 'All provisions of a statute must be harmonized and every word, clause, sentence, and section thereof must be given some meaning[.]' " *Be–Mac Transport Co., Inc. v. State Tax*

*Comm'n,* 725 S.W.2d 599, 600 (Mo. banc 1987) (quoting *Staley v. Mo. Dir. of Revenue,* 623 S.W.2d 246, 250 (Mo. banc 1981)).  "Webster's Dictionary defines the word 'then' to mean 'at that time.' " *Bedell v. Richardson Lubricating Co.,* 201 Mo.App. 251, 211 S.W. 104, 106 (1919).  If we read the words "at that time" to mean "then," the statute would read "providing the individual is at that time an insured worker." § 288.030.1(3); *see id.*  The use of the word "then" indicates the legislature intended for the Division to make a determination that the claimant was an "insured worker" when a claimant files a second-year benefit claim following the end of the last benefit year.

The April 2012 claim was separate and apart from her previous claim, which is apparent by the fact a different "initial claim" had to be made by Buell.  This position is also supported by section 288.040.1, which provides that before the Division can determine if a claimant is eligible for benefits for any week, the claimant must be determined to be an insured worker. § 288.040.1 (providing "[a] claimant who is unemployed *and has been*

---

**7.**  At oral argument, Buell also argued she received a favorable decision following her second filing for unemployment benefits when the Appeals Tribunal found Buell "was not ineligible for benefits for the weeks from May 22, 2011 through June 11, 2011, by reason of any failure to be available for work during those weeks."  Buell alleges she never received unemployment benefits in response to this decision, but provided no explanation why she never received those benefits.  She argued the Commission's later ruling that she was not an insured worker was inconsistent with and contradicts the August 2011 ruling.  She further argued the purpose of this current appeal was to provide her the benefits she was entitled to under the August 2011 ruling because this appeal was her only recourse.

Once unemployment benefits are granted, "[b]enefits shall be paid promptly in accordance with a determination … pursuant to [section 288.070][.]" § 288.070.7  It appears

rather that the Division is responsible to collect unemployment benefits from employers.  Employers that qualify (see sections 288.090 and 288.130), pay unemployment contributions and payments to the unemployment compensation fund as provided in section 288.290.  This "special fund" is separate and apart from other public moneys or funds of the state and "shall be administered by the division." § 288.290.1.  Employers that are delinquent on their contributions are subject to section 288.170, which provides the division may collect contributions, interests or penalties by civil action.

Nonetheless, this appeal is not the appropriate avenue to enforce the August 2011 Appeals Tribunal decision regarding benefits from May 22, 2011 through June 11, 2011, because the failure to pay benefits based on that decision is not an issue properly before this Court.

*determined to be an insured worker* shall be eligible for benefits for any week only if the deputy finds that . . . .").

When Buell filed her initial claim in April 2012, her last preceding benefit year had ended in March 2012, and it was the start of her second benefit year. So, under section 288.030.1(3), the Division had to again determine if she was an "insured worker." Therefore, any finding that Buell was an insured worker from her 2011 claim would not apply to her newly filed 2012 claim. If the 2011 "insured worker" finding did apply to all future claims, Buell would be entitled to collect unemployment from the Library without regard to the statutory requirement that a worker be paid wages for insured work of $1,500 or more in at least one calendar quarter of the base period or been paid wages in at least two calendar quarters of the base period under section 288.030.1(22). Surely this is not what the legislature intended.

Because Buell was not paid wages for insured work of at least $1,500 in any calendar quarter of her base period, she did not have enough wages to be an insured worker for the benefit year beginning April 1, 2012.[8] Therefore, the Commission did not err in holding Buell was not an insured worker effective April 1, 2012.

Second, the August 2, 2011 ruling, which Buell alleges is binding on all future findings, only dealt with Buell's benefits from May 2011 through June 2011. In fact, the ruling specifically says "[t]he claimant is not ineligible for benefits for the weeks May 22, 2011 through June 11, 2011[.]" There is no indication in the Appeals Tribunal's ruling that the August 2, 2011 decision was binding on all future determinations of Buell's unemployment benefits.[9]

■ "[T]he unemployment claim process is a series of filings by the claimant; a series of opportunities for the employer to protest; and a series of examinations and determinations by the Division over the course of the 'benefit year.'" *Heavy Duty Trux Ltd. v. Labor and Indus. Relations Comm'n*, 880 S.W.2d 637, 645 (Mo.App. W.D.1994) (internal quotation and citation omitted). The decisions may be different throughout the process because "[e]ligibility for benefits is established each week, and though a claimant may be eligible one week, he or she may not be eligible another week." *RPCS, Inc.*, 190 S.W.3d at 589 (citing *Heavy Duty Trux Ltd.*, 880 S.W.2d at 645). Following a determination of employee's benefits for a particular week, either party may appeal. *Id.*, *see* § 288.070.4.

Contrary to Buell's position, there may be different findings regarding eligibility for unemployment benefits throughout the benefit year. The decision that Buell was not ineligible for benefits from May 2011 through June 2011 did not have an impact on her eligibility for benefits in April 2012. It is clear under Missouri law that a claimant may meet the requirements for eligibility one week and not the next, which is the case here. *RPCS, Inc.*, 190 S.W.3d at 589.

■ In addition, the August 2, 2011 decision applied solely to Buell's claim for

---

8. We have not found, nor have we been directed to, an exception for the requirement of sufficient wage credits in the base period to qualify as an insured worker.

9. Buell points to language in the finding that "[t]his decision will become the final decision of the Division unless a further appeal is filed[.]" We agree the decision was the final decision as to Buell's eligibility for *benefits from May 22, 2011 through June 11, 2011*. It is not final as to all other future benefit determinations regarding Buell.

benefits from May 2011 through June 2011, and cannot be considered a bar to other determinations based on *res judicata* as Buell asserts. "The doctrine of *res judicata*, commonly referred to as claim preclusion, operates as a bar to the reassertion of a cause of action that has been previously adjudicated in a proceeding between the same parties or those in privity with them." *Robin Farms, Inc. v. Beeler*, 991 S.W.2d 182, 185 (Mo.App. W.D.1999). For *res judicata* to apply "a final judgment on the merits must have been rendered involving the same claim ... sought to be precluded in the cause in question." *Id.* Here, even assuming all other elements of *res judicata* [10] are met, the doctrine would not apply because a final decision was not rendered involving the same claim Buell is seeking to preclude. The July 5, 2012 decision, which Buell seeks to preclude, relates to Buell's eligibility for unemployment benefits in her second benefit year beginning April, 1, 2012. This decision is not precluded by the legal theory of *res judicata* and a decision in August 2011 regarding Buell's eligibility for benefits from May 2011 through June 2011.

■ Finally, Buell argues the July 5, 2012 decision is not supported by sufficient and competent evidence. The evidence was clear that Buell was not paid wages for insured work of at least $1,500 in any calendar quarter of her base period. Buell testified that the wage amount of $1,455.07 for the first three months of 2011 listed on the monetary determination was "pretty accurate." [11]

Buell argues the Commission ignored relevant evidence concerning her termination, such as the fact that she was terminated from her job, in affirming the July 5, 2012 decision. This argument is misguided because neither the Division, Appeals Tribunal, nor Commission ever addressed evidence regarding her eligibility for benefits because she was never found to be an insured worker, which is the first step in the process. If a claimant is not found to be an insured worker, a claimant's eligibility for benefits under section 288.040.1 will not be determined. § 288.040.1.

The July 5, 2012 Appeals Tribunal decision specifically noted the issue was whether Buell had sufficient wage credits from insured work to qualify as an insured worker. Because she did not, she was not found to be an insured worker. This Court cannot address an issue that was not determined by the Commission. *Heavy Duty Trux*, 880 S.W.2d at 644–46. The question of eligibility for benefits or availability for work are separate from the determination of "insured worker," and are not addressed until an individual is found to be an insured worker. Buell's availability to work, and the facts surrounding her termination, was not addressed by the Division or Appeals Tribunal. Therefore, we cannot find that it was error to make findings with respect to Buell's eligibility for unemployment benefits beyond her status as an insured worker. We decline to adopt Buell's argument that the July 5, 2012 decision is not supported by sufficient and competent evidence.

*Jordan v. Kansas City*, 929 S.W.2d 882, 886 (Mo.App. W.D.1996).

10. The doctrine of *res judicata* bars a claim if the following elements are satisfied: (1) identity of the thing sued for; (2) identity of the cause of action; (3) identity of persons or parties to the action; and (4) identity of the quality of the person for or against whom the claim is made.

11. This fact was also conceded at oral argument.

Accordingly, the Commission's decision is affirmed.

GARY W. LYNCH, P.J., and NANCY STEFFEN RAHMEYER, J., concurs.