**Stanley C. BRASCH, Petitioner/Appellant,**

v.

**LABOR AND INDUSTRIAL RELATIONS COMMISSION, et al., Defendants/Respondents.**

**No. 58230.**

Missouri Court of Appeals,
Eastern District,
Division One.

Sept. 25, 1990.

---

**3.** Defendant's motion to dismiss appeal, ordered taken with the case, is denied as moot.

Stanley C. Brasch, St. Louis, pro se.

Michael Moroni, Jefferson City, for defendant/respondent Labor and Indus. Relations Com'n.

Larry R. Ruhmann, St. Louis, Sandy Bowers, Jefferson City, for defendant/respondent Div. of Employment Security.

KAROHL, Judge.

On June 26, 1988, claimant filed an initial claim for unemployment benefits. The Labor and Industrial Relations Commission (Commission) pursuant to § 288.030.1(3) defined the "benefit year" of the claim to be *June 26, 1988, through June 25, 1989.* The Commission was required to extend claimant's benefit year to the end of the week beginning on June 25, 1989, a Sunday. 8 CSR 10–3.010(9). Claimant attempted to file a second claim on June 25, 1989. The Commission found the benefit year on claimant's first claim ended July 1, 1989, and denied the second claim. Claimant appeals circuit court judgment affirming the Commission.

On appeal, claimant first asserts the denial of "wage credits [for first quarter 1988] for unemployment compensation is incorrect, and erroneous, and is in violation of the Federal Unemployment Tax Act, (FUTA) Section 3304(a)(10)." Second, claimant asserts "the Deputy, Appeal Tribunal, and ... Commission's decision to deny ... wage credits ... is incorrect, and erroneous, and is in violation of the Mis-

souri Employment Security Law Chapter 288.020." We affirm.

Judicial review is limited by § 288.210 RSMo 1986.

> In any judicial proceeding under Section 288.210, the findings of the Commission as to the facts, if supported by competent and substantial evidence and in the absence of fraud, shall be conclusive, and the jurisdiction of said court shall be confined to questions of law. Section 288.210 RSMo 1986.

In this appeal we are concerned with questions of law. The facts are not disputed.

Some general observations regarding this pro se appeal are necessary. The legal file presented by claimant in support of the appeal does not supply all of the pleadings from the circuit court file. The pro se brief does not comply with the requirements of Rule 84.04. The statement of facts is inaccurate in various ways and asserts facts not supported by the record. The points relied on are not supported by citation of authority. The argument contains a reference to numerous and lengthy matters which are not contained in the record. In the absence of an exceptional brief filed on behalf of the Commission and the Missouri Division of Employment Security (Division) we could not and would not review the appeal. Only because we believe these agencies are entitled to a ruling do we reach the merits.

On June 26, 1988, claimant filed his first claim under the Missouri Employment Security Law for unemployment benefits. The Division determined the benefit year to be from June 26, 1988, to July 1, 1989, under the provisions of § 288.030.1(3) RSMo 1986 as extended by 8 CSR 10–3.-1010(9).[1] Claimant's eligibility and the measure of his benefits are determined by tax contributions paid by employer for claimant during "the first four of the last five completed calendar quarters immedi-

---

1. "'Benefit year' means the one-year period beginning with the first day of the first week with respect to which an insured worker first files an initial claim for determination of his insured status, and thereafter the one-year period beginning with the first day of the first week with respect to which the individual, providing he is then an insured worker, next files such an initial claim after the end of his last preceding benefit year." Section 288.030.1(3) RSMo 1986. A "benefit year" is not twelve months or fifty-two weeks, or three hundred and sixty-five days.

ately preceding the first day of [claimant's] benefit year." Section 288.030.1(2) RSMo 1986. Thus, claimant's initial eligibility for unemployment benefits was determined by contributions made during all four quarters in 1987.

The dispute in the present case arose when claimant attempted to file a second claim before July 1, 1989. If the second claim filed in June 1989 was allowed, claimant's eligibility for continuation of unemployment benefits would be determined by contributions made during all four quarters in 1988. However, the second claim was not allowed by the Division because claimant would have two outstanding claims within an overlapping benefit year. The Division ruled claimant was not entitled to file his second claim until his first benefit year ended. Claimant's first day to file a second claim was on July 2, 1989, the third quarter of 1989. Therefore, claimant's eligibility for continuing unemployment benefits would properly be determined by contributions made during the last three quarters of 1988 and the first quarter of 1989. The first quarter of 1988 was too remote to support a third quarter 1989 claim. Section 288.030.1(2) RSMo 1986. The over-lapping claim was denied.

Claimant's first point on appeal alleges error in denying wage credits in violation of 26 U.S.C.A. §§ 3301 et seq. (1982). This claim of error refers to the wage credits earned in the first quarter of 1988. FUTA imposes a federal payroll tax on wages paid by covered employers. FUTA also authorizes a credit against a substantial part of the federal tax liability for employers who contribute to a state unemployment compensation fund approved by the Secretary of Labor. State compliance with federal standards is voluntary; however, compliance is necessary to receive federal credits.

■ Missouri has chosen to comply with existing and future federal minimum standards for the payment of unemployment benefits. Section 288.390 RSMo 1986. Beyond the minimum standards outlined in 26 U.S.C.A. § 3304(a), the code allows states discretion to structure the state law and regulations with respect to benefit formulas and monetary eligibility requirements. See, *Steward Machine Co. v. Davis*, 301 U.S. 548, 57 S.Ct. 883, 81 L.Ed. 1279 (1937). Hence, states are free to determine what constitutes a base period and what wage credits can be used during an established period.

■ For the following reasons we reject the argument that refusing to accept an over-lapping claim conflicted with federal law. First, the provision of 26 U.S.C.A. § 3304(a)(7) applies only to claimants who have previously been determined to have sufficient wage credits to qualify for benefits. It prohibits cancellation of wage credits of an eligible unemployed claimant. The provisions of 26 U.S.C.A. § 3304(a) do not require a state to permit two unemployment claims for the same period. A prohibition against "cancellation" of wage credits is not relevant to a determination of eligibility.

Second, the denial of the second claim filed before the initial benefit year expired was not a cancellation of credits for the first quarter of 1988. The first quarter of 1988 credits were unavailable only because claimant was not authorized under Chapter 288 RSMo 1986 and 8 CSR 10–3.010(9) to file a new claim that falls in the existing benefit year which began June 26, 1988. This was not a cancellation merely because the first quarter of 1988 credits became unavailable before the first claim expired.

Third, the denial of the second claim on the authority of Chapter 288 RSMo 1986 and 8 CSR 10–3.010(9) did not violate the provisions of 26 U.S.C.A. § 3304(a). Chapter 288 speaks in terms of years and weeks, not days. The state regulation recognizes the benefit year is measured in terms of weeks and defines weeks to be a full week ending on a Saturday. An eligible claimant is paid a full week's benefit if any part of the week is within the benefit year. The first claim was valid through all of June 1989 because June 25, 1989, was within the benefit year. The appeals referee who wrote the opinion for the Appeals Tribunal summarized as follows:

This regulation [8 CSR 10–3.010(9)] is simply a recognition that a "a one year period" does not divide evenly into whole weeks, and so must be adjusted to account for the fact that the calendar week is the basic unit of time for benefit purposes. Thus, the claimant's benefit year ended on July 1, 1989 and the claimant is not permitted to file a new initial claim for benefits establishing a new benefit year until July 2, 1989.

Claimant's base year began June 26, 1988. It included the day of June 25, 1989, a Sunday. Sunday is the first day of a calendar week for benefit purposes and is included in the base year. Thus, on the authority of 8 CSR 10–3.010(9) the full week of June 25 to July 1, 1989, was included in claimant's benefit year. Claimant could not file a second claim until the first benefit year expired July 1, 1989. The regulation does not violate federal law. Point denied.

■ The Commission and circuit court did not expressly rule on the question of the validity of 8 CSR 10 because of the provisions of 26 U.S.C.A. § 3304(a)(10). Respondent agencies contend the Commission and court had no subject matter jurisdiction to determine whether the ending date of claimant's benefit year, according to 8 CSR 10, violated federal law. We find courts have jurisdiction to rule this question of law, § 288.210 RSMo 1986 and we hold the regulation is valid.

Although the foregoing disposes of the remaining issues and claims of error, we will comment briefly. First, three other points proceed on a false assumption that wage credits for the first quarter 1988 were cancelled or denied. The credits were unavailable to establish eligibility for a second claim filed after July 1, 1989. This is not a cancellation. Second, the assertion the Joint Committee on Administrative Rules erred in failing to suspend 8 CSR 10 attempts to inject in the appeal an issue not before the Commission or the circuit court. The issue is not before us. The Committee is not and never was a party in these proceedings. Finally, 8 CSR 10 does not violate the provisions of § 288.060(4) RSMo

1986 because the regulation implements the statute and is neither contrary to federal law nor legislative intent for Chapter 288.

We affirm.